THE STATE, Defendant in Error, v. BANKHEAD, Plaintiff in Error.

1. An indictment, founded on section 28 of article 8 of the act concerning crimes and punishments (R. C. 1845, p. 404), charging that the defendant, on, &c., at, &c., " did disturb a congregation of people then and there met for religious worship, by then and there making an assault upon one H., so near to the place of worship of said congregation of people as to disturb the order of the meeting, contrary," &c., is insufficient.

*Error to Pike Circuit Court.*

*Broadhead,* for plaintiff in error.

*C. G. Mauro,* (circuit attorney,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

The defendant was indicted under the 28th section of art. 8 of the act concerning crimes and punishments. (R. C. 1845. p. 404.) The indictment contained four counts, but the jury found the defendant guilty only under the third, which is in these words : " And the jurors aforesaid, on their oaths aforesaid, further present, that the said Archer Bankhead, on the day and year aforesaid, and at the said county of Pike, did disturb a congregation of people then and there met for religious worship, by then and there making an assault upon one John F. Hedges, jr., so near to the place of worship of said congregation of people as to disturb the order of the meeting, contrary," &c.

The court overruled the motion in arrest, and the only question presented in the record is the sufficiency of the said count. The section on which the indictment was framed describes two distinct classes of offences, and may be subdivided thus : First, " Every person who shall wilfully, maliciously or contemptuously disquiet or disturb any congregation or assembly of people met for religious worship, by making a noise, or by rude or indecent behavior, or profane discourse, within their place of worship, or so near to the same as to disturb the order or solemnity of the meeting," &c. ; 2dly, " or menace, threaten or assault any person there being, he shall be deemed guilty of a misdemeanor," &c. The count is not good under the first head, for it omits to charge any offence in the terms of the law. It does not charge that the defendant *wilfully, maliciously* or *contemptuously* did any thing ; and, to create an offence, this constituent of motive is required, besides the averment that the assembly met for religious worship was disturbed, and the description of the particular means used for that purpose. It is insufficient under the second head, for it attempts to charge under the first for disturbing a religious congregation, and only describes the assault as the means employed. In one case, the offence is for wilfully, maliciously or contemptuously disturbing an assembly of people met for religious worship, by any of the acts designated ; and in the other, the offence is for assaulting a person in such assembly. With the concurrence of the other judges, the judgment is reversed.