The State, Plaintiff in Error, v. Hopper *et al.*, Defendant in Error.

1. An indictment, under section 30 of article 8 of the act concerning crimes and punishments (R. C. 1855, p. 630), charging that the defendants unlawfully did disturb a congregation and assembly of people met for religious worship, by wilfully behaving in a rude and indecent manner and using profane discourse within the place of worship of said congregation, is bad ; the offence should be charged to have been done wilfully, maliciously or contemptuously.

*Error to Johnson Circuit Court.*

*Ewing*, (attorney general,) for the State.

I. The indictment sufficiently describes the offence. (United States v. Batchelder, 2 Gall. 18 ; State v. Bullock, 13 Ala. 416 ; Thompson v. People, 3 Parker C. Cas. 214 ; 6 Verm. 594 ; Whart. C. L. 190 ; Barb. C. L. 333 ; 16 Mass. 385 ; 6 Saund. 135.)

*Ryland & Son*, for defendants in error.

I. The indictment is bad. (State v. Bankhead, 25 Mo. 558.)

RICHARDSON, Judge, delivered the opinion of the court.

It was intended to charge the defendants under the 30th section of article 8 of the act concerning crimes and punishments, (R. C. 1855, p. 630,) which declares that " every person who shall wilfully, maliciously or contemptuously disquiet or disturb any congregation or assembly of people met for religious worship, by making a noise, &c., shall be punished," &c. The indictment charges that the defendants unlawfully did disturb a congregation and assembly of people met for religious worship by wilfully behaving in a rude and indecent manner, and using profane discourse within the place of worship of said congregation.

The offence defined by the statute is not charged in the indictment; for the offence does not consist simply in disquieting or disturbing a congregation, but in doing it wilfully, maliciously or contemptuously. Neither the words of the statute descriptive of the offence nor equivalent words are used. (1 Chit. C. L. 281.)

The motion to quash was properly sustained, and the judgment will be affirmed; Judge Scott concurring. Judge Napton absent.