———o———

STATE OF MISSOURI, Respondent, *vs.* JESSE JONES, Appellant.

1. *Practice, criminal—Indictment—Disturbing religious worship.*—An indictment for disturbing a congregation met for religious worship, etc., (W. S., 504, § 30) is not sustained by evidence of a disturbance in the church yard after the congregation had been dismissed.

*Appeal from Warren Circuit Court.*

*Frank T. Williams, with whom was John C. Orrick,* for Appellant.

I. This was not a congregation "met" or "assembled" at the time the acts complained of were committed, and the defendant is not guilty as charged in the indictment. (32 Mo., 548.)

ADAMS, Judge, delivered the opinion of the court.

The defendant was convicted on an indictment for disturbing a congregation, met for worship.

The indictment was framed under section 30, 1 W. S., 504, which reads as follows: "Every person who shall willfully, maliciously or contemptuously disquiet or disturb any camp-meeting, congregation, or other assembly, met for religious worship, by making a noise, or by rude or indecent behavior, or profane discourse within their place of worship, or so near to the same as to disturb the order or solemnity of the meeting, or menace, threaten or assault any person there being, shall be deemed guilty of a misdemeanor, and punished by a fine not exceeding one hundred dollars, and if unable

to pay the fine, by confinement in the county jail not exceeding three months."

On the trial the only evidence offered or given, as stated in the bill of exceptions, tended to show, "that after the congregation had been dismissed by the minister and while the people were in the act of starting for home, some still in the church and others in the act of coming out of the door, others standing and talking in the church yard and near the door, and others on horses and in vehicles starting home, the defendant engaged in an assault, using loud and violent language in the church yard and close to the door of the church, frightening and annoying some of the persons who had just been attending divine worship." .

On the part of the defendant the evidence tended to prove, that " his participation in the difficulty was after the people had all gotten out of the house and were preparing to go home. The preacher had come out and mounted his horse and started home, when hearing the loud talking he rode up and requested the parties to have no further difficulty; that the defendant then turned and started away," etc.

There was no evidence at all to show that the alleged disturbance occurred before the minister dismissed the congregation.

The court, on its own motion, instructed the jury as follows :

" To convict the defendant, the jury must believe from the evidence, that his acts or declarations disturbed the devotions of some of the congregation assembled for religious worship, or that his acts or declarations prevented some portion of the congregation in the immediate exercise of such holy thoughts and pious reflections as are presumed to result from a religious meeting. The punishment prescribed for the offense charged in the indictment is a fine of not more than one hundred dollars."

The defendant excepted to the ruling of the court in giving that instruction, and on his part asked the court to instruct :

1st. " If the jury believe from the evidence, that the acts complained of on the part of the defendant were not committed until after the congregation were dismissed, they will find the defendant not guilty. And, although the jury may believe from the evidence, that the defendant engaged in an assault, and that the defendant used loud and boisterous conversation near the church door, or in the church yard before the congregation had dispersed ; yet if they further believe from the evidence, that the acts were committed under sudden impulse, and not willfully, maliciously or contemptuously, they will find a verdict of not guilty."

2d. "In order for the jury to find the defendant guilty, they must believe from the evidence, that the congregation were assembled for the purpose of religious worship, and further, that, if the congregation were disturbed, they must be satisfied that the disturbances were caused by the acts of the defendant."

The court refused the defendant's instructions and he excepted.

The section on which the defendant was indicted describes two distinct classes of offenses. The first consists in willfully, maliciously or contemptuously disquieting or disturbing a camp-meeting, congregation or other assembly of people, met for religious worship, by making a noise or by rude or indecent behavior, or profane discourse, &c.

The second consists in menacing, threatening or assaulting any person there being. (State vs. Bankhead, 25 Mo., 558.) The offense charged against the defendant is of the first-class.

The acts necessary to constitute this offense must have been committed willfully, maliciously or contemptuously, and yet the instruction given by the court, on its own motion, entirely ignores these essential ingredients.

It is plain to my mind, that there was no evidence to support the charge.

All the evidence, as shown by this record, tended to prove, that the congregation had been dismissed before any of the acts charged against the defendant, had been committed.

After the minister in charge dismisses his congregation, it then ceases to be a congregation met for religious worship. There must be some point of time when the purpose for which the congregation met is ended; and that time has always been understood to be when the head of the congregation dismisses it. When so dismissed, the people engage in such secular or other conversation, &c., &c., as may suit their pleasure. If the defendant engaged in an assault after the dismissal of the congregation, it was an offense against the laws, but not the offense charged in the indictment.

I see no substantial objections to the instructions which were asked by the defendant, and the court erred in refusing them, and also erred in instructing the jury, as above indicated, on its own motion.

Let the judgment be reversed, and the cause remanded; the other Judges concur.