## THE STATE, *Appellant*, v. MORSE.

**Criminal Law : PERJURY : INDICTMENT.** It is essential to an indict-ment for perjury that it allege that the defendant "wilfully, cor-ruptly and falsely" testified as charged.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

(1) The court erred in sustaining the motion to quash the indictment. The indictment, though inartifi-cially drawn, is sufficient. (2) It is not uncertain and

repugnant as to time and place. (3) It sufficiently and clearly alleges the authority of the court to try the cause in which the perjury is alleged to have been committed. (4) It does charge sufficiently that the oath was administered by Isaac Fox, the deputy clerk, and the time, place and trial. (5) The indictment sufficiently alleges the materiality of the question. (6) The time, place and manner of the alleged perjury is sufficiently averred in the indictment.

*Ellison & Cottey* for respondent.

HENRY, C. J.—The defendant was indicted at the June term, 1882, of the circuit court of Knox county for perjury. The indictment contained every material allegation, except the indispensable averment, that the defendant "wilfully, corruptly and falsely" testified as alleged.

It is a very prolix document; states the issues and the cause in which they were made, and proceeds as follows: "And the said Elbridge C. Morse, then and there, on said sixteenth day of June, A. D., 1881, before said court upon the trial of the issues so joined, as aforesaid, upon his oath aforesaid, then and there before the court aforesaid, did then and there depose · and swear in substance and to effect as follows." Then follows a statement of what he testified to, with a paragraph simply negativing the facts testified to by him, concluding as follows: "And so the grand jurors aforesaid, upon their oath aforesaid, say that the said Elbridge C. Morse, on said sixteenth day of June, 1881, at the county of Knox aforesaid, before the circuit court aforesaid, upon the trial aforesaid, did then and there in manner and form aforesaid, feloniously, wilfully, corruptly and falsely commit wilful and corrupt perjury, against the peace and dignity of the state."

No where is it alleged that defendant wilfully,

falsely or corruptly testified to the facts alleged, and the conclusion is a "*non sequitur.*" He may have done just what is alleged he did, omitting the conclusion of the indictment, without having committed perjury; while what he testified to may have been false, he may have believed it to be true. The court below, on motion of defendant, quashed the indictment, and this appeal is prosecuted by the state. We are of opinion that the court committed no error in quashing the indictment, and affirm the judgment