## STATE OF MISSOURI, Respondent, v. MINNIE LEONARD et al., Appellants.

**Springfield Court of Appeals, February 7, 1910.**

CRIMINAL LAW: Disturbing Peace of Congregation Met for Religious Worship: Evidence. Defendants were charged with disturbing the peace of a certain congregation of people *met* together for religious worship, and the evidence showed that the alleged disturbance occurred inside the church house but after the services had been dismissed. *Held*, that the evidence was not sufficient to sustain a conviction. [Following State v. Jones, 53 Mo. 486.]

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*J. D. Gustin* and *W. P. Elmer* for appellants.

(1) The court erred in refusing appellants' peremptory instruction to acquit offered by them at the close of the State's case. If there is no evidence tending to prove the commission of the crime, it is the duty of the court to so declare. State v. Brosius, 39 Mo. 534; State v. Daubert, 42 Mo. 242. (2) There was no evidence at all to show that the alleged disturbance occurred before the minister dismissed the congregation. State v. Jones, 53 Mo. 486; State v. Edwards, 32 Mo. 584.

*Lawrence T. McGee* for respondent.

COX, J.—Defendants were charged with disturbing the peace of a certain congregation of people met together for the purpose of religious worship; were convicted and have appealed to this court. The evidence in this case all shows that the alleged disturbance occurred inside of the church house, but after the services had been dismissed by the minister.

The only question to be determined on this appeal is whether or not a party can be convicted of disturbing the peace of a congregation met for religious worship after the congregation has been dismissed by the pastor, but before it has gone out of the building. The Supreme Court of this State has held, in a similar case, that where the only charge in the information was that of disturbing the peace of a congregation *met* for religious worship, that proof of a disturbance after the minister had dismissed the congregation would not sustain a conviction. [State v. Jones, 53 Mo. 486.]

This decision is squarely in point upon the issue raised in this case and we are bound by it. The result is, the judgment of the lower court must be reversed and the defendants discharged. All concur.