# THE STATE v. JOHN UNDERWOOD, Appellant.

### Division Two, January 6, 1914.

1. **DEFINITION: Felony and Misdemeanor.** The term "felony," in Missouri Statutes, means any offense for which the offender on conviction shall be liable to be punished with death or imprisonment in the penitentiary. The term "misdemeanor" includes every offense punishable only by fine or imprisonment in the county jail or both.

2. **APPEAL: Not Perfected Within Twelve Months: Charged With Felony: Punished by Fine.** Where defendant was charged with an assault with intent to kill, which is a crime for which the offender is liable to be punished by imprisonment in the penitentiary, and is convicted and his punishment fixed at a fine and imprisonment in the county jail, his appeal, if not perfected within twelve months after it was granted, will be dismissed. His offense was not changed from a felony to a misdemeanor by the punishment assessed, especially where he was found "guilty as charged." In such case the fact that the statute relating to the time within which appeals in misdemeanor cases are to be taken had been repealed does not affect his duty to perfect his appeal within the time prescribed by the statute relating to appeals in felony cases.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

Appeal dismissed.

*Orchard & Cunningham* for appellant.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

WALKER, J.—In an information filed in the circuit court of Shannon county, appellant was charged under section 4482, Revised Statutes 1909, with an assault with intent to kill, and upon a trial was found guilty as charged and his punishment assessed at three months' imprisonment in the county jail and a fine of $100, this being the minimum punishment pre-

scribed for the offense under the provisions of section 4482, supra.

On the 13th day of September, 1911, he was granted an appeal to this court, but same was not perfected and the transcript of the proceedings filed here until June 7, 1913. Under the provisions of section 5313, Revised Statutes 1909, the Attorney-General filed a motion to dismiss the appeal on the ground that the same had not been perfected within twelve months from the time the same was granted.

Appellant contends in opposition to this motion that he has never been convicted of a felony, and that when this appeal was taken there was no limit as to the time of perfecting an appeal in a misdemeanor case, the statute in relation thereto (Sec. 2717, R. S. 1899) having been repealed in 1909 (Laws 1909, p. 462) prior to the commission of the offense herein charged and not re-enacted until long subsequent thereto. [Laws 1913, p. 226.]

The distinction between felonies and misdemeanors made by our statute renders appellant's contention without merit. As we held in State v. Woodson, 248 Mo. 705, the term "felony," under our code, means any offense for which the offender on conviction *shall be liable* to be punished with death or imprisonment in the penitentiary. [Sec. 4923, R. S. 1909.] The term "misdemeanor" includes every offense punishable *only* by fine or imprisonment in a county jail or both. [Sec. 4925, R. S. 1909.]

The offense with which the appellant is charged is one for which he was liable to be punished by imprisonment in the penitentiary, but the minimum punishment for this offense was by fine or imprisonment in the county jail or both. His offense, therefore, was not changed from a felony to a misdemeanor by the assessment of his punishment at a fine and imprisonment in a county jail, especially in view of the fact that the jury did not find him guilty of a common

State ex rel. v. Gordon.

assault, which it might have done under the provisions of section 4904, Revised Statutes 1909, but found him "guilty as charged" and assessed his punishment at the minimum prescribed for the felony. The conviction having been for a felony, it was proper that the appeal be perfected to this court. This not having been done within the time required by the statute (section 5313, supra), the motion of the Attorney-General to dismiss the appeal should be sustained, and it is so ordered. All concur.