**STATE of Missouri, Respondent,**

v.

**Arthur THOMAS, Appellant.**

No. 48082.

Supreme Court of Missouri,

Division No. 2.

Feb. 13, 1961.

———◆———

Clyde Rogers, Fayette, for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Arthur Thomas appeals from a judgment imposing a fine of $300 for, on or about December 30, 1957, in Ozark County, Missouri, transporting intoxicating liquor which had not been lawfully manufactured. A change of venue was granted appellant to Christian County, and, later, upon appellant's affidavit to disqualify the regular judge, the judge of the Fortieth Judicial Circuit was transferred to hear the case.

At the threshold of this review our attention is directed to the information herein, which formerly was part of the "record proper" (State v. Barbata, 336 Mo. 362, 80 S.W.2d 865, 875). Appellant attacked the sufficiency of the information to charge a crime in a motion to quash (see Supreme Court Rules 25.05, 25.06(e) and State v. Atkinson, Mo., 285 S.W.2d 563, 566 [2]) and assigned error for overruling the same in his motion for new trial.

Supreme Court Rule 28.02 provides: "No assignment of error respecting the sufficiency of the information or indictment, verdict, judgment and sentence shall be necessary upon an appeal and the appellate court shall render judgment as to those matters upon the record before it." See Rule 25.06(b); § 547.270; State v. Sanders, Mo., 313 S.W.2d 658 [5]; State v. Nunley, 185 Mo. 102, 83 S.W. 1074 [2]. (Statutory references are to RSMo 1949 and V.A.M.S.)

■ The statutes here involved provide: "No person shall transport intoxicating liquor in, into or through the state of Missouri which has not been lawfully manufactured." § 311.410. And: "Any person *knowingly and willfully* violating any provisions of sections 311.410 to 311.450 shall be deemed guilty of a felony," and, upon conviction, punished by imprisonment in the penitentiary, or the county jail, or a fine. § 311.460. (Emphasis supplied.)

The information charged that appellant "did then and there *unlawfully and feloniously* transport certain intoxicating liquor that had not been lawfully manufactured * * *." (Emphasis supplied.)

A "felony" is any offense for which the accused may be punished by "death or im-

prisonment in the penitentiary" (§ 556.-020), and a "misdemeanor" includes "every offense punishable only by fine or imprisonment in a county jail, or both" (§ 556.-040).

■ Under § 311.460 the offense here involved is a "mixed" or "graded" felony. State v. Woodson, 248 Mo. 705, 154 S.W. 705; State v. Underwood, 254 Mo. 469, 162 S.W. 184. "The word 'felonious' is generally employed to classify offenses and is not a distinct element of the crime. It is descriptive of the grade of the offense rather than the criminal act which constitutes the offense." State v. Harris, Mo., 313 S.W.2d 664, 669 [4], and cases there cited. See also State v. Updegraff, Mo., 214 S.W.2d 22, 24 (a case cited by appellant where the act alone, regardless of any specific intent, constituted the offense).

"Feloniously" in the information in this case was employed to classify the offense as a felony and not as descriptive of the criminal act constituting the offense charged. It follows that "feloniously" in the instant information does not take the place of a charge of "knowingly and willfully" committing said offense.

Our statute on perjury reads: "Every person who shall willfully and corruptly swear * * * falsely to any material matter * * * shall be deemed guilty of perjury," (§ 557.010) which is punishable by imprisonment in the penitentiary (§ 557.020). An indictment charging that defendant "feloniously, corruptly, and falsely * * * did depose and swear * * *" was held bad for the omission of the word "willfully" in State v. Day, 100 Mo. 242, 12 S.W. 365, 366, citing authority. State v. Morse, 90 Mo. 91, 2 S.W. 137, is to like effect.

Now § 562.250 reads: "Every person who shall willfully, maliciously or contemptuously disquiet or disturb any camp meeting * * * or other assembly met for religious worship * * * shall be deemed guilty of a misdemeanor." An indictment charging that defendants "unlawfully did

disturb a congregation * * * by willfully behaving in a rude and indecent manner * * *" was held bad for failure to charge defendants with willfully, maliciously or contemptuously disturbing the congregation in State v. Hopper, 27 Mo. 599. State v. Bankhead, 25 Mo. 558, and State v. Waters, Mo.App., 189 S.W. 624, are to a like effect. Consult 27 Am.Jur. 629, § 67; 42 C.J.S. Indictments and Informations §§ 133, 134, p. 1024; 4 Wharton, Cr.Law & Pro. (1957), § 1772, p. 571, n. 17, 575, n. 17; 1 Archbold's Cr.Pro., 8th ed., 285.

The failure to charge defendant with the essential elements of "knowingly and willfully" transporting unlawfully manufactured intoxicating liquor renders the information insufficient and bad.

The Statute of Jeofails (Sup.Ct.R. 24.11, § 545.030) provides that nothing therein shall render valid any "information which does not fully inform the defendant of the offense of which he stands charged." See Mo.Const., Art. I, § 18(a); State v. Barnes, 281 Mo. 514, 220 S.W. 848 [1–4]; State v. Schultz, Mo., 295 S.W. 535 [2].

The cases of State v. Updegraff, Mo., supra; State v. Rack, Mo., 318 S.W.2d 211, 215 [1]; Mansur v. Lentz, 201 Mo.App. 256, 211 S.W. 97, 99 [6], stressed by the State, do not rule the sufficiency of an information under a statute similar to § 311.-460.

Our review of the testimony is to the effect this cause should be remanded. Sup. Ct.R. 36.04; §§ 547.210, 541.230. See also Sup.Ct.R. 27.23.

The judgment is reversed and the cause is remanded.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.