**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Patricia PRICE, Defendant–Appellant.**

**No. 55529.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 6, 1989.

Patricia Price, Wright City, pro se.

Jeffrey A. Robertson, Asst. Pros. Atty., Troy, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by the court under § 578.012, RSMo 1986, of the offense of animal abuse. She was sentenced by the court to pay a fine of $200. She appeals; we reverse and remand.

■ One issue governs the disposition of this appeal: was the information sufficient? While we believe defendant failed to properly raise the issue in her brief, the state addressed it in its responsive point: "The trial court correctly found appellant guilty of animal abuse though the information omitted the word 'willfully', in that appellant failed to object at trial and no manifest injustice resulted." Even if the issue had never been raised, we are required to determine sua sponte the sufficiency of an information or indictment. Rule 30.20 [1]; *State v. Eckard*, 655 S.W.2d 596, 597 (Mo.App.1983). While certain defects in an information or indictment are not prejudicial, the failure to allege all the essential elements of the crime charged renders the indictment or information insufficient. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). Failure to allege an essential element of the crime in the indictment or information also precludes application of Rule 23.11.[2] *State v. Schaeffer*, No. 53294, slip op. at 4 (Mo.App.E.D. May 16, 1989).

The information defendant was charged with here, in pertinent part, states:

[T]he defendant, in violation of Section 518–012, RSMo, committed the class A Misdemeanor of Animal Abuse, punishable upon conviction under § 558.011.1(5) and § 560.016, RSMo in that on the 18th day of April, 1988, in the County of Lincoln, State of Missouri, the defendant had in her custody approximately eighty cats and failed to provide adequate care for said animals.

The statute she was charged under, § 578.012.1(5), RSMo 1986, provides:

Animal abuse.—1. A person is guilty of animal abuse when a person:

. . . .

(5) Having ownership or custody of an animal *willfully* fails to provide adequate care or adequate control.

(Emphasis ours.)

We note that § 578.009.1, RSMo 1986, provides:

Animal neglect.—1. A person is guilty of animal neglect when he has custody or ownership or both of an animal and fails to provide adequate care or adequate control.

The state omitted the word "willfully" in the information. In *State v. Thomas*, 343 S.W.2d 56 (Mo.1961), the Supreme Court was confronted with an appeal challenging an information charging the defendant under the following statutory language:

"No person shall transport intoxicating liquor in, into or through the state of Missouri which has not been lawfully manufactured." § 311.410. And: "Any person *knowingly and willfully* violating any provisions of sections 311.410 to 311.450 shall be deemed guilty of a felony,"....

*Id.* (Emphasis in original.)

The information in *Thomas* charged that the defendant " 'did then and there *unlawfully and feloniously* transport certain intoxicating liquor that had not been lawfully manufactured....' " *Id.* (Emphasis in original.) The Supreme Court held that "[t]he failure to charge defendant with the essential elements of 'knowingly and willfully' transporting unlawfully manufactured intoxicating liquor renders the information insufficient and bad." *Id.* at 57. The court relied on *State v. Day*, 100 Mo. 242, 12 S.W. 365, 366 (1889), which held that an indictment for perjury was insuffi-

---

1. Rule 30.20 provides: "Allegations of error that are not briefed or not properly briefed on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment...."

2. "No indictment or information shall be invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, because of any defect therein which does not prejudice the substantial rights of the defendant." Rule 23.11.

cient for leaving out the word "willfully" where the statute read, "Every person who shall willfully and corruptly swear ... falsely to any material matter ... shall be deemed guilty of perjury." *Id.* at 57 (*quoting* § 557.010, RSMo 1959 (repealed)).

■ From all the foregoing, it is obvious to us that "willfully" is an essential element of the offense of animal abuse charged and distinguishes it from the offense of animal neglect.[3]

■ Furthermore, the inclusion of the correct statutory citation in the information does not render the information sufficient when an essential element has been omitted. *Gilmore*, 650 S.W.2d at 629.

■ The failure to allege the essential element "willfully" renders this information insufficient; therefore, the trial court acquired no jurisdiction and any action taken by the court after the information was filed is a nullity. We are required to reverse and remand.

Judgment reversed and cause remanded.

CRANDALL, P.J., and CRIST, J., concur.

---

**3.** We note the Supreme Court, by order dated March 9, 1989, has approved pattern charges for the crimes of animal abuse and animal neglect. These charges are MACH–CR 32.56 (animal abuse) and MACH–CR 32.54 (animal neglect).