**STATE of Missouri,
Respondent/Plaintiff,**

**v.**

**Ed MARSHALL, Appellant/Defendant.**

**No. 59869.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1991.

Wayne T. Schoeneberg, Knight & Schoeneberg, St. Charles, for appellant/defendant.

Tim Braun, Pros. Atty., John Davis, Joseph I. Murphy, Asst. Pros. Attys., St. Charles, for respondent/plaintiff.

CRANE, Judge.

Defendant, Ed Marshall, was found guilty in a court tried case of two counts of animal neglect in violation of § 578.009 RSMo 1986 and fined $100 on each count. He appeals from this judgment on the grounds that the state failed to make a submissible case. We affirm.

Defendant was the owner and had custody of two pit bull dogs. At 2:00 in the afternoon on August 31, 1989, a resident of

St. Charles County, Marian R. Rose, returned home and discovered defendant's dogs barking in her backyard. She tried to get them to leave, but they attacked her and bit her on her arm and leg causing injuries. She got inside her house and telephoned for help. Her son arrived, but the dogs charged at him and prevented him from leaving his car. A rabies control officer also arrived and observed the dogs running around "in a hyper state." He shook a pole at the dogs so the son could get to the house. As he did this the dogs charged at him. The son obtained a shotgun from the house and shot both dogs. The next day the supervisor of rabies control met with defendant who identified both dogs as his. On the morning of the day of the attack, a rabies control officer had been to defendant's house and had observed the same dogs in a pen on the premises.

Defendant's sole point on appeal is that the state failed to make a submissible case "in that there was no evidence offered of an act or omission on the part of the defendant that would bring his conduct within the statutory language."

Defendant was convicted of animal neglect under § 578.009.1 RSMo 1986 which provides:

> A person is guilty of animal neglect when he has custody or ownership or both of an animal and fails to provide adequate care or adequate control.

Defendant was charged with failing to provide "adequate control" which is defined as "to reasonably restrain or govern an animal so that the animal does not injure itself, any person, any other animal, or property." Section 578.005(2) RSMo 1986.

Defendant argues that the evidence that the dogs were on the Rose property, unrestrained and uncontrolled, was insufficient because it did not show how the dogs came on the Rose property or that defendant caused them in some way to come on to the property. He further argues that criminal intent must be shown under the statute and was not. We disagree with each of these arguments.

■ The statute under which defendant was convicted was enacted in 1983

and replaced two animal cruelty statutes. Sections 578.055 RSMo 1978; 578.060 RSMo 1978. Under these statutes the prosecution had to prove that the conduct was done "cruelly, willfully and maliciously." The 1983 statute provides for two types of crimes, animal abuse, a class A misdemeanor, which can be committed by a person who *willfully* fails to provide adequate care or adequate control of an animal in his custody or ownership, and the lesser offense of animal neglect, a class C misdemeanor, which, in this situation, omits the word "willfully". The word willfully is an essential element of the offense of animal abuse and distinguishes it from the offense of animal neglect. *State v. Price*, 772 S.W.2d 9, 11 (Mo.App.1989). This difference is likewise reflected in the Missouri Approved Criminal Charges. In MACH–CR 32.56 animal abuse of this nature is charged by the use of the word "willfully". On the other hand, in MACH–CR 32.54 animal neglect is charged without any mental element.

■ We believe this statute falls within the narrow class of statutes which define offenses which do not require proof of intent. Whether criminal intent or knowledge is an element of a statutory crime is a matter of statutory construction to be determined by considering the subject matter of the act prohibited as well as the language of the statute in order to ascertain the intention of the legislature. *State v. McLarty*, 414 S.W.2d 315, 318 (Mo.1967); *State v. Page*, 395 S.W.2d 146, 149 (Mo. 1965); *State v. Bean*, 720 S.W.2d 21, 22 (Mo.App.1986). The purpose of the statute is the protection of animals. *Vandeven v. Seabaugh*, 753 S.W.2d 46, 48 (Mo.App. 1988). The evil sought to be avoided is neglect of an animal whose care has been assumed by the person having ownership or custody of it. The statute falls in the class of those laws which heighten the duties of persons in control of particular property (animals) which affect the public health, safety or welfare. *Morissette v. United States*, 342 U.S. 246, 255, 72 S.Ct. 240, 245, 96 L.Ed. 288 (1952). It is a "public welfare offense" which is not in the

nature of a positive aggression or invasion, but is "in the nature of neglect where the law requires care or inaction where it imposes a duty." *Id.* 342 U.S. at 255, 72 S.Ct. at 246. A violation of such a statute of this nature

impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and regulations which make no mention of intent as dispensing with it and holding that the guilty act alone makes out the crime.

*Id.*, 342 U.S. at 256, 72 S.Ct. at 246.

Criminal statutes which do not expressly provide for a mental state may be enforced as strict liability offenses where they are public welfare offenses, the penalties involved are small, and the conviction does no great damage to the offender's reputation. *Commonwealth v. Tart,* 408 Mass. 249, 557 N.E.2d 1123 (Mass.1990) (fishing without commercial permit, $80 fine and imprisonment for 30 days); *State v. Nygaard,* 447 N.W.2d 267 (N.D.1989) (failure to notify owner upon striking an unattended vehicle, class A misdemeanor).

Under § 578.009 the state has decreed that the control and restraint of an animal is to be undertaken by the individual having custody of it. If animals are so uncontrolled and unrestrained that they can cause injury, their owner or custodian has

violated the statute. The penalty is relatively small, possible imprisonment of not more than 15 days and or a fine not to exceed $300. The state was not required to establish either intent to violate the statute or guilty knowledge of such violation to make its case. *State v. Boze,* 472 S.W.2d 35, 39 (Mo.App.1971). *See also* § 562.-026(2) RSMo 1986.

Defendant directs us to cases decided under the "at large" statutes of other states which require some proof of intent or negligence. We do not find these cases persuasive in construing this statute. "At large" statutes make it unlawful for an owner of an animal to "allow" or "permit" it to move about freely, thus requiring some affirmative action on the part of defendant. Moreover, Missouri has an "at large" statute. Section 270.010 RSMo 1986. Under this statute negligence on the part of the owner is required, but it can be inferred from the mere fact that the animals were at large. This inference can be overcome by defendant's proof that the animals were loose through no fault or negligence of his own. *King v. Furry,* 317 S.W.2d 690, 695–96 (Mo.App.1958). Section 578.009 is not an "at large" statute and cases construing such statutes are not applicable.

Defendant also directs us to evidence that when the rabies control officer saw the dogs in the morning of the day of the attack, they were in a pen which seemed "fairly secure". This evidence, standing alone, is of no probative value on the condition of the dogs in the afternoon when they were not in their pen and were roaming freely on Ms. Rose's property.[1]

Appellant's sole point on appeal is denied. The judgment of the trial court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

1. We note that defendant successfully objected to any evidence of other occasions that his dogs

were loose and no such evidence was admitted.