THE STATE v. WALTER CONNOR, Appellant.—300 S. W. 685.

Division Two, December 12, 1927.

*North T. Gentry*, Attorney-General, and *Claud Curtis*, Special Assistant Attorney-General, for respondent.

HENWOOD, C.—By an information filed in the Circuit Court of Carroll County, appellant and one John Vanderpool were jointly charged with the unlawful transportation of moonshine. The State dismissed as to Vanderpool before the trial. Appellant was convicted and the jury assessed his punishment at a fine of $500. Following judgment and sentence on the verdict an appeal to this court was allowed.

The information, being attacked, should be quoted in full. Omitting only the affidavit and endorsements, it reads as follows:

IN THE CIRCUIT COURT OF CARROLL COUNTY, MISSOURI.
SEPTEMBER TERM, 1926.

State of Missouri ..................... Plaintiff,
—vs—
Walter Connor and John Vanderpool, ...Defendants.
INFORMATION.

Grover C. Jones, Prosecuting Attorney within and for the County of Carroll and State of Missouri, on his oath of office informs the court that on or about the 16th day of May, 1926, Walter Connor and John Vanderpool did then and there unlawfully and feloniously transport moonshine, contrary to the form of the statutes in such instances made and provided, and against the peace and dignity of the State.

GROVER C. JONES,
Prosecuting Attorney.

The State's evidence showed that the deputy sheriff (Fuller) on the evening in question "started out to look for a car a couple of men was driving." His attention was attracted to a Ford coupe parked lengthwise in the middle of Folger Street opposite the county jail in the town of Carrollton, Missouri. As he approached the car he detected the odor of whiskey. Looking through an open window

of the car he saw in the car a jug which smelled like whiskey. About that time the witness Al Gonder. came along and he also smelled whiskey. At the request of the deputy sheriff, Gonder came from the sidewalk to the car in the middle of the street and found one of the car doors open. The deputy sheriff examined the jug and then delivered the same into the custody of the sheriff (Odell). Sometime later in the evening the deputy sheriff arrested appellant and Vanderpool, at which time both were intoxicated. The deputy sheriff said "they were both so darned drunk they didn't know what they were doing." The next morning, when in jail, appellant told the deputy sheriff that he was driving the car, but it belonged to "young Flanigan." The jug of whiskey was identified at the trial and pronounced by several witnesses as "whiskey" and by some as "corn whiskey," "moonshine" or "white mule." Two ladies (Mrs. Aubrey Higgins and Miss Inez Burkhart) testified that they were standing on the sidewalk nearby and saw appellant drive up and park the Ford coupe about 9:15 or 9:30 on the evening in question; that appellant was the only person in the car and, within ten or fifteen minutes after he got out and left the car, the deputy sheriff came along and captured the jug; and that during the *interim*, no one went near the car.

Defendant took the stand and admitted that he drove the Ford coupe from the town of Norborne, Missouri, into Carrollton, and parked the same where the deputy sheriff found it, but said it was about eight o'clock in the evening when he left the car there. He denied having any liquor in the car. On cross-examination, when asked if he knew how the jug of whiskey got into the car, he said: "Well, there could only be one possible chance, and that was the fellow that sold Missouri rulers, in a carnival, came down here and asked me to ride back home with me, and I told him he could, and that would be the only possible chance for it to get in there." He further said this fellow was called "Shorty Brenan," and that he never saw him any more after he (appellant) was arrested. Two witnesses, E. M. McBee, City Marshal of Norborne, and Charles E. Porter, testified to appellant's previous good reputation.

Appellant has filed no brief, but we will now consider all assignments of error contained in his motion for a new trial which are properly reviewable by this court.

I.   It is contended that the information is insufficient because no venue is stated in the body thereof. This contention is overthrown by positive statutory enactments of long standing. Section 3900, Revised Statutes 1919, provides that—

"It shall not be necessary to state any venue in the body of any indictment or information; but the county or other jurisdiction

named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same.''

Section 3908, Revised Statutes 1919, says:

''No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: . . . for want of a proper or perfect venue; nor for want of any venue at all.''

The sufficiency of the information is further challenged because the word ''willfully'' is omitted from the charging part of the same. It should first be noted that the information charges the act to have been done ''unlawfully and feloniously.'' The use of these words imports an exercise of the will or that the act was done ''willfully,'' unless the statute defining the crime makes willfulness an element thereof. See Howenstine v. United States, 263 Fed. 1, and authorities cited. Next, it should be noted that neither of the words, ''unlawfully,'' ''feloniously,'' or ''willfully'' are used in Section 21 of the 1923 Prohibition Act, in defining the crime charged in this case. Section 21 provides that ''if any person shall manufacture, make, brew, distill, sell, give away or transport any 'hootch,' 'moonshine,' 'corn whiskey' shall be guilty of a felony,'' etc. [See Laws 1923, p. 242.] This court has held that it is sufficient to charge that any act prohibited by this section was ''unlawfully'' done, because the section says that any person who does any of the acts prohibited ''shall be guilty of a felony.'' [State v. Wright, 312 Mo. l. c. 631, 280 S. W. l. c. 705.]

II. Appellant further contends that the trial court erred in overruling his motion to suppress evidence, which motion asserted that the search of his car and the seizure of the jug of liquor therefrom were in violation of his constitutional rights, the same being done without a search warrant. The record discloses that the proof offered at the hearing on the motion to suppress evidence was substantially the same as the evidence given at the trial of the case on its merits, above recited; that is, that the attention of the deputy sheriff was first attracted by the unusual parking of the car, and then by the odor of whiskey coming from the car; that he first saw the jug, which smelled like whiskey, through an open window of the car, and later through an open door of the car. He then examined the jug and, finding that it contained whiskey, seized it. Under such circumstances, no search warrant was necessary, because the deputy sheriff had before him ample facts and information upon which to base, not only a conclusion of probable cause, but a well-founded belief that the car contained contraband goods and that a felony had been committed. [State v. Padgett, 289 S. W. l. c. 956; Carroll v. United States, 267 U. S. 132.]

596

III. The verdict is assailed on the ground that it is not responsive to the information and plea thereto. It reads as follows: "We the jury find the defendant guilty and assess his punishment at $500 fine.

"M. H. WILLIAMS, Foreman."

Where, as in this case, but one offense was charged, there could be no possible misunderstanding as to the meaning of a general verdict, and, for that reason, a judgment on the verdict in such cases is a bar to another prosecution for the same offense. This rule is well settled in this and other jurisdictions. [State v. Martin, 230 Mo. 680, 132 S. W. 595, and cases cited; 38 Cyc. 1884.] The verdict is good in form and substance.

IV. General complaint is made as to the instructions given to the jury, but it is not pointed out with any particularity whatsoever wherein any of the instructions were erroneous. A mere general attack on instructions presents nothing for our review under new Section 4079, relating to motions for new trial in criminal cases. [Laws 1925, p. 198; State v. Standifer, 289 S. W. 856.]

The information is sufficient, the evidence amply supports the verdict, and the verdict is responsive to the single issue tendered. We have carefully examined the entire record and find no error. The judgment is affirmed. *Higbee* and *Davis, CC.*, concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.