**STATE of Missouri, Respondent,**

v.

**Worth GREEN, Appellant.**

**No. 56489.**

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Vernie R. Crandall, Frieze & Crandall, Carthage, for appellant.

HIGGINS, Commissioner.

Worth Green was convicted by a jury of burglary, second degree, and stealing. Upon the jury's failure to agree on punishment, the court assessed punishment at five years' imprisonment for burglary and two years' imprisonment for stealing, the terms to run consecutively. Sentence and judgment were rendered accordingly. Criminal Rule 27.03, V.A.M.R.; §§ 560.070, 560.095, 560.110, V.A.M.S.

The testimony of Richard Bebee shows that in the early morning, October 12, 1969, he, defendant Worth Green, Clarence McGinnis, and Roy Bybee forcibly broke into the Bill Thomas TV Center in Joplin, Jasper County, Missouri, and stole 12 television sets which they sold with the proceeds of sale divided among them.

■ Appellant does not question the sufficiency of evidence to sustain his conviction but contends, Point I, that the court erred in overruling his motions to produce "because this action * * * denied * * * the opportunity to fully cross-examine and particularly to test the memory and recollection of the prosecuting witness."

Prior to trial defendant filed a "Motion for Production of Admissions of Richard Bebee," seeking to require the prosecuting attorney to produce for inspection and copying a signed statement of "prosecuting witness" Richard Bebee, on grounds of difference between testimony of the owner of the stolen property and Bebee, and for purposes of cross-examination.

Apparently, the motion was accompanied by a subpoena duces tecum issued for production of the Bebee statement, because the State moved to quash the subpoena, traversing the grounds for production of the statement asserted in defendant's motion.

The court overruled the Motion to Produce as directed at the prosecuting attorney and quashed the subpoena duces tecum.

Again, prior to trial, defendant filed "Motion for Production of Admissions of Richard Bebee," this time seeking to require the Joplin chief of police to produce the statement of Richard Bebee, asserting the same grounds.

This motion was overruled when the case came on for trial. Irrespective of the court's rulings on these motions, however, the prosecuting attorney, prior to opening statements, gave counsel for defendant "that portion of the statement that Richard Bebee gave me concerning this particular offense and Worth Green and the Bill Thomas TV Store."

Appellant's Point III is akin to Point I in that he contends the court erred "in not admitting defendant-appellant's Exhibit #3 for impeachment purposes because Exhibit #3 contradicted the prosecuting witness' statement on cross-examination on several important factual issues."

In addition to these proceedings, appellant also presents on these points certain additional testimony of Richard Bebee. In response to cross-examination questions, Richard Bebee stated that he had been in approximately 100 burglaries in Jasper County, and that in his statement to the prosecuting attorney he had given name, place, and parties in all of them; that with respect to the Thomas burglary he stated 12 television sets were taken, whereas Mr. Thomas testified 11 were missing from inventory; that with respect to the car used in the Thomas burglary, he stated on direct examination that it was a 1964 Ford

convertible, on cross-examination a 1967 Ford white convertible with black top, and, in his statement, a 1956 Ford convertible owned by Worth's girl friend, Nancy something; that he had told the jury all about the Thomas burglary. Defense counsel then had the statement given him at the outset of trial by the prosecuting attorney marked Exhibit 3 and offered it in evidence for impeachment on the issue of the car used in the Thomas burglary. The witness was cross-examined further:

"What kind of car was it you say was being used that night, Richard? A. A '67 Ford white convertible with black top. Q. Now I am going to ask you if you didn't tell the prosecuting attorney of this county in the statement you referred to as having signed, that the car that was used that night was a '56 Ford convertible? A. No, sir. I said I believed it was a '66 Ford. * * * Q. Just a moment. Did you tell the prosecuting attorney it was a '56 Ford convertible, yes or no? A. '66. Q. '56? A. No, sir.

"MR. CRANDALL: Now, Your Honor, I would at this time introduce defendant's Exhibit 3 which is for impeachment purposes. * * *

"MR. WARDEN [prosecuting attorney]: I have no objection * * *.

"THE COURT: It will be admitted then."

Exhibit 3 is the typed excerpt from witness Bebee's statement pertaining to the Thomas burglary and contains the following:

"Q. Did you have any knowledge of the safe that was hauled off out here at H & H Foods? How about Bill Thomas TV—this would be back in April 1st, they broke into Bill Thomas TV? A. That was Mike McGinnis, Roy, Worth and myself, and we was at that time Worth was living with this girl by the name of Nancy something, blond haired gal that had a 56 Ford convertable, and Worth used her car and we went out there and broke in the front door and I

think we got 11 or 13 tvs—I guess we got 13, because we sold Dick Huntslinker 9, Roy Gilpin bought one, Glen Cusick at Galena bought 1, and another guy in Springfield bought one." Witness Bebee also admitted a variance between testimony at the preliminary hearing and on trial with respect to who had the crowbars in hand to accomplish the breaking.

The record with respect to appellant's Points I and III has been set out in detail because it demonstrates the lack of merit in either point.

Point III may be denied summarily because the quoted excerpt from the record and the presence of Exhibit 3 in the record show without question that, contrary to appellant's assertion, Exhibit 3 was admitted into evidence.

Appellant's Point I is subject to similar summary treatment. The record shows that the defense had, as a result of the prosecution's voluntary act, witness Bebee's statement insofar as it pertained to the charges on trial; and, by questions propounded from its contents and by the statement itself, Exhibit 3 in evidence, the defense was able to develop the inconsistencies between witness Bebee's testimony at trial, on preliminary hearing, and in the statement.

■ In his remaining point, appellant contends the court erred "in not sustaining defendant-appellant's motion for a directed verdict at close of plaintiff-respondent's case for the reason and upon the ground that the testimony of the prosecuting witness [Richard Bebee] was inconsistent, contradictory, and uncorroborated."

The difficulty with appellant's position is that he did not stand on his motion for acquittal at the close of the State's case. Instead, he introduced evidence in his own behalf; and, accordingly, waived any error with respect to overruling of his motion for directed verdict at the close of the State's case. State v. Thomas, Mo., 452 S.W.2d 160, 162[4]; State v. Johnson, Mo.,

447 S.W.2d 285, 286[1]; 9A Mo.Dig., Criminal Law ⊕901. On the whole record in this case, suffice to say that this conviction can stand on the uncorroborated testimony of the accomplice, Richard Bebee, State v. Powell, Mo., 433 S.W.2d 33, 34[2]; State v. Deiter, Mo., 46 S.W.2d 609, 612 [1]; and the minor discrepancies in his testimony were for the jury to resolve.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., and SEILER, J., and SMITH, Special J., concur.

BARDGETT, J., not sitting.