STATE of Missouri, Respondent,

v.

Mary BERRY, Appellant.

No. KCD26094.

Missouri Court of Appeals,
Kansas City District.

Dec. 11, 1972.

Gary C. Clifton, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and J. DONALD MURPHY, Special Judge.

J. DONALD MURPHY, Special Judge.

The appellant, Mary Berry, was found guilty of unlawfully and knowingly having in her possession and under her control a quantity of marijuana and was sentenced to the custody of the Department of Corrections for a term of four years. Appellant challenges the sufficiency of the evidence, which was wholly circumstantial, to sustain the conviction.

We conclude that there was no substantial evidence that the appellant knowingly possessed and had under her control the marijuana in question and that the judgment should be reversed.

The facts are largely undisputed. The appellant, a resident of Los Angeles had been visiting Mr. Paul Cushinberry in Atchison, Kansas for about six days prior to August 12, 1971. They had known each other in Los Angeles and were considering marriage. They had driven from Atchison to the Kansas City Municipal Airport in

Cushinberry's car, arriving after midnight on August 18, 1971, intending to return together to Los Angeles. Cushinberry had a prior reservation on a Trans World Airlines flight to Los Angeles but had missed the flight. Appellant, according to her testimony, entered the airport while Cushinberry parked the car. She said she carried one piece of luggage, a plaid-colored bag which she placed near the Continental Airlines ticket counter while she went to the bathroom. Cushinberry arrived at the counter, transferred his flight reservation from TWA to a later flight on Continental and checked two footlockers and two plaid bags, including the bag carried by the appellant. Several minutes later appellant approached the counter and purchased a one-way ticket to Los Angeles on the same flight using the name "Cushinberry." Appellant and Cushinberry boarded and sat together on the plane. Thereafter, for reasons we need not note here, the four pieces of luggage were searched by airline officials and a police officer. Three of the pieces—the two footlockers and one bag—were found to contain a total of twenty-eight thousand seven hundred grams, or approximately fifty-three pounds of marijuana. The second plaid bag was not produced at the trial. An airline official testified that only three of the four pieces of luggage smelled of marijuana. After the discovery of the marijuana the appellant and Cushinberry were removed from the plane and placed under arrest.

Mr. Melvin Dean Cox, the ticket agent for Continental Airlines, was the only employee on duty at the ticket counter and the only witness to the actions of appellant and Cushinberry while they were at the counter. The following is a summary of his testimony:

He did not observe who carried the pieces of luggage into the air terminal, nor did he observe the appellant and Cushinberry until they approached the counter. Cushinberry placed the four pieces of luggage on the scale and affixed the baggage claim checks to the luggage. Appellant at that time was "either across the lobby—or else she come over to purchase the ticket at that time—". She purchased her ticket "a matter of minutes, two, three, five—" after Cushinberry completed the transfer of his ticket. Appellant gave her name as "Cushinberry" and Cushinberry said that, "this is my wife's and my baggage". Appellant did not physically handle any of the luggage. She was not asked whether any or what part of the luggage belonged to her; nor did she ever so state. After Cushinberry affixed the claim checks to the luggage he gave the stubs to the ticket agent who in turn stapled them to the appellant's boarding envelope, (Cox was not asked whether he returned the boarding envelope to Cushinberry or gave it to the appellant. Appellant indicated that Cox gave it to Cushinberry).

Appellant denied any knowledge of the contents of the three pieces of luggage containing the marijuana. She testified that she had in her possession only the bag containing her personal belongings; that after she returned from the bathroom Cushinberry told her he had checked her bag and had made reservations so that they could sit together on the plane; that at the time she purchased her ticket she asked the ticket agent if he had reservations for "Mrs. Cushinberry" because the reservations had already been made under that name by Cushinberry; that Cushinberry had told her he was not taking any luggage with him because he already had some clothing in Los Angeles; that when she asked Cushinberry for the claim check for her bag he said he did not know what he had done with it.

■ The evidence does not support a conviction for knowing possession and control of marijuana by the appellant. The state must prove either actual or constructive possession of the marijuana together with knowledge of the fact of possession. State v. Worley, Mo., 375 S.W.2d 44, 46;

State v. Burns, Mo., 457 S.W.2d 721. The test is whether "the defendant was aware of the presence and character of the particular substance, and was intentionally and consciously in possession of it." State v. Young, Mo., 427 S.W.2d 510, 513; Annotation 91 A.L.R.2d 810, l.c. 811. The requisite possession, however, need not be exclusive and may be shown circumstantially. State v. Worley, supra; State v. Young, supra; see 91 A.L.R.2d 810, supra. To support a conviction on evidence entirely circumstantial, the circumstances must be inconsistent and irreconcilable with the innocence of the accused and must point so clearly and satisfactorily to the guilt of the accused as to exclude every reasonable hypothesis of innocence. State v. Walter, Mo. Sup., 365 S.W. 597; State v. Irby, Mo.Sup., 423 S.W.2d 800. In the present case there was no evidence that appellant had either actual or constructive possession or control of any of the marijuana at any time. She was never seen physically to touch or possess the luggage containing the marijuana. She made no declarations indicating knowledge of the existence of the drug. Her conduct was not such that an inference of knowledge could be fairly drawn. The sole fact that she was in the company of one who possessed marijuana is not enough. The additional independent fact that she posed as the wife of Cushinberry does not supply inferentially the requisite proof of knowledge. It is plausible that appellant used the name "Cushinberry" because she thought it would facilitate her sitting together with Cushinberry on the plane. It is also plausible that Cushinberry intended, by this deception, to avoid paying excess baggage charge (as suggested by Cox in his testimony). Conceivably, appellant was merely doing what she was told to do, without reason or motive. There would seem to be no logical basis for inferring that because she lied about her marital status, she knew about the presence of the marijuana. Assuming that the appellant was consciously involved in the possession and transfer of the marijuana, it is unclear how the act of posing as Cushinberry's wife would have aided such an illegal transaction. Cushinberry's statement to the ticket agent made in the presence of appellant that "this is my wife's and my baggage" was not an admission by appellant or a circumstance from which an adverse inference can be drawn. The comment, although ambiguous, was correct because one of the four pieces of luggage— arguably the bag which did not contain marijuana—did belong to the appellant.

The circumstances shown here are not inconsistent with the innocence of the appellant and do not sustain the state's burden of proving defendant's guilt either as a principal or as an aider and abettor. At most they amount to mere suspicion and possibility of guilt. In reaching this conclusion we have construed the evidence in the light most favorable to the prosecution.

The record indicates that the state presented all the evidence available on the issue of appellant's knowing possession of marijuana and that additional evidence is not likely to be adduced upon a new trial. Under these circumstances remand is not required and the judgment should be reversed outright. Supreme Court Rule 28.-14, V.A.M.R.; State v. Walker, Mo., 365 S.W.2d 597.

The judgment is reversed and defendant ordered discharged.

All concur.