**STATE of Missouri, Respondent,**

v.

**Franklin David WEIR, Appellant.**

**No. 57565.**

Supreme Court of Missouri, Division No. 2.

Feb. 11, 1974.

Motion for Rehearing or for Transfer to Court en Banc Denied March 11, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

B. Williiam Jacob, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, J. Arnot Hill, Hill, McMullin & Wilson, Kansas City, of counsel.

HOUSER, Commissioner.

Franklin David Weir, convicted of kidnapping under § 559.240, RSMo 1969, V. A.M.S. and sentenced to 10 years' imprisonment, appealed this felony conviction prior to January 1, 1972.

From the evidence the court could find these facts: Appellant, driving his automobile north on Main Street in Kansas City approaching 40th Street, observed Miss J——— C——— awaiting a bus. She was on her way to work in downtown Kansas City. Appellant, without identifying himself, pulled up to the curb where she was standing and offered her a ride. She refused. He made a gesture with his left hand as if he had a gun and told her to get in or he would shoot her. She entered the automobile. They proceeded north toward downtown Kansas City. She made one attempt to jump from the car at a red light and later attempted to wave or signal for help. She was forcibly restrained by appellant on both occasions. He grabbed her wrist and told her to "stay still" or he would shoot her. Appellant drove east on Interstate 70 Highway. They passed her place of employment. Appellant told her that he was going to see a friend in Blue Ridge; that it was very important. She said she would be late to work. He told her to relax; that he was going to take her "down there" after he saw his friend. They passed through Independence. Several times she attempted to get out of the car; she wanted to jump. Every time she made an attempt he took hold of her wrist and twisted it. He pulled her toward him and told her to stay there. They passed Blue Ridge, and when she called this to his attention he said it was a bit farther and kept on going east. He left the freeway, turned up a street that was not busy, turned again into a country road to an open field where there were no houses. When he stopped the car she tried to open the door. He pulled on her and locked the door, ripped her panty hose and said "You're going to stay here." She screamed for help. Two officers of the law, traveling in the vicinity in an unmarked police car, attracted to the scene by hearing the screams and observing the appearance of wrestling in appellant's car, approached the car, saw appellant with his right arm wrapped around the girl's neck and head, his left hand almost to her mouth.

One of the officers opened the car door and told appellant to release the girl, which he did. The girl then opened the door and started running. When the officer identified himself the girl screamed "Arrest this man. He's got a gun. He's going to kill me." When the officer opened appellant's car door he glanced down beside the seat and saw a knife, which was introduced in evidence, wedged in between the car seat and the handle that controls back and forth movement of the seat.

Paragraph 1 of § 559.240, RSMo 1969 V.A.M.S. provides: "If any person shall, willfully and without lawful authority, forcibly seize, confine, inveigle, decoy or kidnap any person, with intent to cause such person to be sent or taken out of this state, or to be secretly confined within the same against his will, or shall forcibly carry or send such person out of this state against his will, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years."

The information charged that on a certain date, at the County of Jackson, State of Missouri, appellant "did then and there unlawfully, feloniously and without lawful authority, forcibly seize and kidnap one J_____ C_____ and did then and there forcibly and feloniously secretly confine the said J_____ C_____ against the will of the said J_____ C_____, * * *." (Blanks supplied.)

Appellant claims the information does not charge a crime; that it fails to allege kidnapping *with the intent to cause* the victim to be secretly confined, against her will; that such intent is a necessary element of the crime and not having been alleged, no violation of § 559.240 is stated.

 It is true, as indicated by way of dictum in State v. Higgs, 325 Mo. 704, 29 S.W.2d 74, 75 [1] (1930), that the specific intent referred to in the statute is a necessary element of the crime and must be alleged. While not alleged in the words of the statute, as it more properly should have been, intent was sufficiently alleged by the

use of the word "feloniously" immediately before the words "secretly confine." "Where a statute defines the criminal offense and sets forth all of its elements, the better practice is for the indictment to follow the language of the statute, but an indictment will not be held insufficient for failure to do so if words of similar import are employed. [Citing cases.]" State v. Simone, 416 S.W.2d 96, 98 (Mo.1967). Intent may be sufficiently alleged by the use of equivalent words. 41 Am.Jur.2d Indictments and Informations § 111. After properly alleging a kidnapping the information, instead of alleging that the kidnapping was done with intent to secretly confine the victim against her will, charged the performance of the act of secretly confining against her will and characterized the act as having been done forcibly and *feloniously*. Although not recommended this method of charging amounts to the same as if the language of the statute had been alleged. The words used ("did then and there forcibly and feloniously secretly confine the said J_____ C_____") are of similar import and signification and are the legal equivalent of the words which better practice would have dictated. "Feloniously" generally means wickedly and against the admonition of the law. State v. Newland, 285 S.W. 400 (Mo.1926). "Wickedly" is defined in Webster's New International Dictionary, Second Edition, as "In a wicked manner; with wicked aims or motives; iniquitously; evilly; maliciously." "Maliciously" means the intentional doing of a wrongful act without just cause or excuse. State v. Shuler, 486 S.W.2d 505, 509 (Mo.1972). The use of the word "feloniously" immediately preceding the words "secretly confined" saved the information. Appellant was thereby informed that he was charged with an intentional and wilful act of wrongdoing, just as the term "feloniously" was said to supply that idea to a jury by its use in an instruction in State v. Noland, 111 Mo. 473, 19 S.W. 715, 720 (1892). Although inartfully drawn the information stated the essential facts constituting the offense charged and

adequately notified appellant of the charge laid against him. A conviction under this information would bar further prosecution of the same offense. It was sufficient.

■■■ Appellant asserts that he is entitled to be acquitted because the State did not adduce evidence establishing a secret confinement as required by § 559.240; that the victim was driven at midday through some of Kansas City's busiest streets, with the car windows rolled down, nonstop for only 20–30 minutes, the girl at no time being physically hidden but on the contrary in plain view when spotted by the officers; that there was no evidence of intent to secretly confine the girl or shield her from the law and no attempt to evade the authorities; that the circumstances establish at most an assault but not a kidnapping within the language of § 559.240. Conceding that confinement to an automobile and movement from place to place in an automobile may be sufficient to constitute kidnapping under a statute such as § 559.240, as exemplified by People v. Bishop, 1 Ill.2d 60, 114 N.E.2d 566 (1953); People v. Landis, 66 Ill.App.2d 458, 214 N.E.2d 343 (1966), and People v. Masterson, 79 Ill. App.2d 117, 223 N.E.2d 252 (1967), appellant contends that here there was no four-hour confinement and no robbery as in Bishop, no robbery and attempted rape as in Landis, and no aggravating circumstances such as driving around the county all night and forcing rape on the victims at gunpoint, as in Masterson. We fail to perceive how the degree of gravity of offenses committed against the victim while being confined against his or her will affects criminal liability. The statute makes no reference to the nature or character of the treatment of the victim during confinement. The gravamen of the offense in this case is the kidnapping with intent to cause J—— C—— to be secretly confined against her will. Kidnapping with intent to secretly confine the victim against his or her will would come within the purview of § 559.240, without any violence to or degradation of the victim. Here we

have substantial evidence of a kidnapping; an intent to cause the victim to be "secretly confined" within this state against her will; actual confinement of a secret nature by preventing her from leaving the automobile and preventing her from waving or signalling to others for help or relief; transporting her from a heavily populated metropolitan center and secreting her by detaining her in an automobile in a field where there were no houses and intention to shield her from public view was manifest. Secret confinement, within the meaning of § 559.240, does not require proof of total concealment and complete isolation whereby the victim is rendered invisible to the entire world. It is sufficient to show that the person kidnapped has been effectively confined against his will in such a manner that he is prevented from communicating his situation to others and accused's intention to keep the victim's predicament secret is made manifest.

People v. Levy, 15 N.Y.2d 159, 256 N.Y. S.2d 793, 204 N.E.2d 842 (1965), cited by appellant, is distinguishable on the ground that defendants in that case were charged with and convicted of robbery and kidnapping, and under the facts the restraint imposed upon the victims was merely incidental to the commission of robbery, and insufficient to constitute the separate crime of kidnapping. In the case before us the opposite is true. No crime other than kidnapping was charged. The distinct limitation placed upon the freedom of the victim was not merely incidental to the commission of some other crime, but was the principal crime committed. The assaults perpetrated upon the girl during her transportation evidenced crimes incidental to the kidnapping, rather than vice versa.

Counsel for appellant dutifully present a point raised by previous counsel in the motion for new trial, namely, error in not suppressing the knife and in permitting it to be introduced in evidence. With commendable candor, however, present counsel acknowledge that the knife was not material or relevant to the case in view of the

fact that the victim made no mention of the knife and did not claim that appellant produced a knife or threatened to use a knife on her, and therefore its admission in evidence could not have prejudiced appellant in this jury-waived case. Counsel further concede the obvious, namely, that the officer had probable cause to approach the vehicle; that when he did so the knife was in plain view and therefore was not illegally seized under Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968).

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.