**STATE of Missouri, Respondent,**

v.

**Robert DAVIS, Appellant.**

**No. KCD 26629.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Bruce W. Simon, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The appellant was charged with the felonious possession of marijuana (Cannabis Sativa). He waived a jury and upon a trial before the court he was found guilty and in due course was sentenced to two years in the Missouri Department of Corrections.

In this direct appeal from that judgment and sentence he raises only one point of error, namely, that the information upon which he was charged was fatally defective in that it failed to charge a felony offense.

This information charges, in pertinent part, that the appellant on June 2, 1972, "did then and there unlawfully and *feloniously* have in his possession a quantity of marijuana botanically known as Cannabis Sativa." (Emphasis supplied). The defect charged against this information is that it did not allege that the amount of such marijuana was in excess of 35 grams so as to put the appellant on notice that he was charged with a felony. There is no merit in this contention and we affirm.

The statute applicable to this case is Section 195.020 RSMo 1969 V.A.M.S., (1971 Supplement) which provides, in part:

"It is unlawful for any person to * * * possess, have under his control, * * * any controlled * * * substance except as authorized in sections 195.010 to 195.320, * * *"

Section 195.200(1), assesses the penalty for possession of less than 35 grams of marijuana as a misdemeanor, whereas, the possession of marijuana in excess of 35 grams is a felony.

The statutory definition of "felony" as found in Section 556.020 RSMo 1969, V. A.M.S., is any offense for which "the offender, on conviction, is liable by law to be punished with death or imprisonment in a correctional institution of the state department of corrections, and no other."

■ The general rule in Missouri is that an indictment or information charging a felony must contain an allegation that the act charged was "feloniously" committed. State v. Vonderau, 438 S.W.2d 271 (Mo.banc 1969). In this case the Supreme Court held that the use of such term in an indictment adequately informed the accused of the nature of the charge and in so holding quoted with approval from the case of State v. Siegel, 265 Mo. 239, 245–246, 177 S.W. 353, 354 (1915) (at l.c. 272-Vonderau):

> "'In charging a felony, therefore, whether made so by a direct statute *or by classification on account of the punishment prescribed*, the use of the word "feloniously" is necessary, for the very sufficient reason that *its use informs the accused of the nature or grade of crime he is alleged to have committed.* * * *'" (Emphasis supplied)

The information in this case clearly charged appellant with *"feloniously"* possessing marijuana and thus informed him of the nature and grade of the offense and clearly eliminated any possible misapprehension that he was being charged with a misdemeanor. State v. Vonderau, supra; State v. Stringer, 357 Mo. 978, 211 S.W.2d 925 (1948); State v. Smart, 485 S.W.2d 90, 94 (Mo.1972). We hold that all substantive elements of the felony offense were charged in the information.

■ The appellant did not challenge the sufficiency of the information at any stage of the proceedings below. While the sufficiency of the indictment is jurisdictional and may be raised for the first time upon appeal, in the whole panorama of this case it becomes clear that the appellant was never in doubt as to the exact nature of the charge against him.

■ If the information (otherwise legally sufficient) lacked the necessary detail to fully advise appellant of the exact charge against him so that he could prepare his defense, he could have filed a motion for a bill of particulars, Rule 24.03, V.A.M.R.; State v. Kesterson, 403 S.W.2d 606, 611 (Mo.1966). This, he failed to do, and thus waived any such lack of detail. His whole factual and legal defense was based upon an entirely different hypothesis.

At the trial, the state's case rested upon evidence that the appellant was seen to have discarded a brown paper bag on or near the curb or parkway in the vicinity of 48th and McGee Streets in Kansas City, Missouri and then flee the scene. He was apprehended immediately and the discarded bag retrieved by the police and subjected to chemical analysis.

The appellant testified in his own behalf and disclaimed any possession or knowledge of the bag or any ownership or control over it. It was stipulated at the trial, however, that the chemical analysis performed by the police department on the contents thereof disclosed that the bag contained 114.9 grams of marijuana.

We find that the sole point of error raised by the appellant is without merit and the judgment is accordingly affirmed.

All concur.