STATE of Missouri, Plaintiff-Respondent,

v.

Junior Ernest GIBSON,
Defendant-Appellant.

Nos. 9965, 9966.

Missouri Court of Appeals,
Springfield District.

Aug. 5, 1976.

Motion for Rehearing or Transfer
Denied Sept. 1, 1976.

Application to Transfer Denied
Oct. 12, 1976.

Norman S. London, Lawrence J. Fleming, London & Greenberg, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., FLANIGAN, J., and CAMPBELL and PYLE, Special Judges.

FLANIGAN, Judge.

Appellant Junior Ernest Gibson was charged with murder in the second degree (§ 559.020 V.A.M.S.) of Buster Harrison Farrell and with murder in the second degree of Bobbie Gene Hopkins. Both slayings took place on May 18, 1970. By stipulation of the parties the two cases were tried together before a jury. The jury found appellant guilty of the second degree murder of Hopkins. On the charge pertaining to the victim Farrell, the jury found

appellant guilty of manslaughter. The defendant was sentenced to 10 years on each conviction, the sentences to run consecutively. Appellant does not question the sufficiency of the evidence to support the two convictions.

Appellant presents three assignments of error, each dealing with alleged misconduct on the part of the prosecuting attorney.

Appellant's first contention is that the closing argument of the prosecutor was improper in six particulars and that he should have received a new trial by reason thereof.

■ Of the six portions of the prosecutor's argument singled out for complaint in this court, three [1] were not objected to at the time of trial nor was complaint concerning them made in the motion for new trial. Thus "no proper foundation has been laid for presentation of the matter on this appeal," *State v. Jackson*, 511 S.W.2d 771, 775[3] (Mo.1974) and they need not be considered.

The fourth portion [2] of the prosecutor's argument, of which complaint is made here, was not mentioned in the motion for new trial although an objection, somewhat indefinite and belated, was made at the trial itself. This assignment has not been preserved for appellate review because it was not included in the motion for new trial. *State v. Raspberry*, 452 S.W.2d 169, 172[1] (Mo.1970); *State v. Jackson*, 511 S.W.2d 771, 775[7] (Mo.1974); *State v. Brown*, 528 S.W.2d 503, 505[4, 5] (Mo.App.1975). Moreover, the record does not fully substantiate appellant's description of the fourth portion.

■ Appellant seeks to predicate appellate review of the foregoing four portions of the argument by invoking the "plain error rule," Rule 27.20(c). However, this court's review of the four portions does not cause it to deem "that manifest injustice or miscarriage of justice has resulted therefrom." Rule 27.20(c). There is no "strong, clear showing" that injustice will result if the rule is not invoked. *State v. Embry*, 530 S.W.2d 401, 404[2] (Mo.App. 1975). The plain error rule "cannot be used as a vehicle for review of every alleged trial error which is not asserted or properly preserved in the trial court." *State v. Murphy*, 521 S.W.2d 22, 25[2] (Mo.App.1975). Rule 27.20(c) is of no avail to appellant.

As his fifth challenge to the prosecutor's argument, appellant claims that the prosecutor "improperly argued matters concerning the alleged violent nature of defendant."

At the trial appellant testified in his own defense. On cross-examination the prosecutor elicited that appellant had been convicted of assaulting his wife. That charge arose out of the occurrence of May 18, 1970, from which stemmed the present charges. The appellant also admitted that he was convicted in Illinois of assaulting a woman.

During prosecutor Zane White's argument the following occurred:

MR. WHITE: "He had killing on his mind. His personality and his tendency to viciousness has been established twice in court, once over in Illinois where he was convicted and received a 6 months sentence for an assault upon a woman."

MR. WISEMAN [defense counsel]: "Just a moment. I object to that, Your Honor. Your Honor instructed the jury just a moment ago that the conviction over in Illinois could not be used for any purpose in this case." [3]

1. (a) "The prosecutor improperly argued that if the victims were alive, they would testify differently than defendant."

(b) "The prosecutor improperly argued that if the jury acquitted the defendant they would be condoning his actions and subjecting the public to great dangers."

(c) "The prosecutor improperly argued matters of character which were irrelevant and which were not supported by the evidence."

2. "The prosecutor improperly argued his personal opinion regarding the guilt of defendant."

3. Among the instructions given the jury was MAI–CR 3.58 which deals with limiting the effect of a prior conviction to the issue of credibility.

THE COURT: "That's correct. That conviction was shown only for the purpose of his credibility, Mr. White. Stay within the record and the court's instructions."

MR. WHITE: "Do you believe that a man—do you believe his story of this thing is believable? This man of this degree of violence, this tendency?

"He has not only killed two people but been convicted of shooting his wife and assault upon a woman way over in Illinois, not in any way related, connected with this incident here—"

MR. WISEMAN: "I object to that, Your Honor."

MR. WHITE: "I'm arguing with respect to the believability of his story itself."

THE COURT: "All right; if that's the purpose of showing it, overruled."

In support of his position, appellant relies upon the following language in *State v. Mobley*, 369 S.W.2d 576, 580[2, 3] (Mo.1963): . . . "[T]he only legitimate purpose of an argument concerning prior convictions lies in its bearing upon the credibility of the defendant . . . It is improper to argue prior unconnected crimes as reflecting upon the defendant's character or as a basis for a conviction in the case on trial."

However, *Mobley* is distinguishable. There the prosecutor made five separate references to the criminal record of the defendant and the only ruling of the trial court helpful to the defendant was one which struck a portion of one of the five references and instructed the jury to disregard it.

 Here the original objection of defense counsel was only a general one—"I object to that." No ground [4] for the objection was stated. But defense counsel said that the Illinois conviction "could not be used for any purpose in this case." The trial court stated that counsel's remark was

"correct" and added that the Illinois conviction was shown "only for the purpose of his credibility." Because the defendant had testified, the Illinois conviction could properly be shown as affecting his credibility. § 491.050 V.A.M.S.; *State v. Phelps*, 478 S.W.2d 304, 307 (Mo.1972). The second objection of defense counsel also stated no ground for the objection and apparently was directed to the Illinois conviction. The prosecutor stated that he was "arguing with respect to the believability of his story itself." The court, after stating "if that's the purpose of showing it," overruled the general objection. No further relief was requested by appellant.

This court concludes that the portion of the argument here under consideration "taken in [its] full context, should be construed as going merely to the question of credibility." *State v. Slay*, 406 S.W.2d 575, 580 (Mo.1966). This is not a situation where there was "almost complete lack of action by the trial court" which, according to *State v. Renfro*, 408 S.W.2d 57, 60 (Mo. 1966), was the situation in *Mobley*.

The facts here are more akin to those in *State v. Patrick*, 420 S.W.2d 258, 262[1] (Mo.1967) and *State v. Phelps*, 478 S.W.2d 304, 307 (Mo.1972), in each of which a prosecutor's argument, alluding to the criminal record of the defendant without expressly limiting its effect to the defendant's credibility as a witness, was held, under the particular circumstances, not to require the granting of a new trial. See also *State v. Raspberry*, 452 S.W.2d 169, 173[7–11] (Mo. 1970).

Appellant's fifth challenge to the prosecutor's argument has no merit.

Appellant states his sixth attack upon the prosecutor's argument as follows: "The prosecutor improperly implied the guilt of defendant because he had retained a particular counsel from Illinois."

---

4. "An objection to arguments or statements of counsel must be specific and the objection must call the attention of the court to the ground or reason for the objection." *State v. Farmer*, 536 S.W.2d 748, 751[10] (Mo.App. 1976).

This attack is based on the following occurrence during the closing argument of prosecutor Zane White:

MR. ZANE WHITE: "Now of course this defense attorney, Mr. Wiseman, wise man, I guess his name means in some language or the other. He is no doubt wise and no doubt extremely successful. They have gone through this thing once before, as the evidence indicates and lost, and the man is now in the Penitentiary—"

MR. JAY WHITE: "I object, Mr. Wiseman wasn't in that case."

MR. ZANE WHITE: "I know that. But let me finish my statement before you jump up and interrupt so rudely."

THE COURT: "Well, stay within the record here."

MR. ZANE WHITE: "They no doubt searched in an ever-widening circle for a man who was capable and bright enough to clear this man and they eliminated the whole State of Missouri and had to get over in Illinois to get one they felt could do the job."

MR. WISEMAN: "Now, just a moment, I want to make my objection, his selection of counsel is not involved in this case."

THE COURT: Sustained."

During voir dire examination Mr. Wiseman, one of appellant's attorneys, introduced himself to the panel as "a lawyer from Alton, Illinois." Twice during Wiseman's closing argument, which preceded the attacked portion of the prosecutor's argument, he mentioned the fact that he was from Alton, Illinois. His first statement was: "I am from Alton, Illinois. Do you know where it is? Across the river from St. Louis, 13 miles." His second statement was: "I came from Alton, Illinois, it is still in the United States, I think. You do not have to go through a customs board when you cross the Lewis-Clark Bridge. I came over to Missouri. It says 'Welcome to Missouri.'"

Of course the fact that Mr. Wiseman came from Alton, Illinois, had nothing to do with the guilt or innocence of appellant and neither the prosecutor nor Mr. Wiseman is to be commended for emphasizing that extraneous fact.

The first objection made by Mr. Jay White was general in nature and the segment of the argument to which it was addressed made no mention of Mr. Wiseman's being from Illinois. The second objection, made by Mr. Wiseman, was sustained. No further relief was requested by appellant.

"... Questions of the propriety of oral argument are addressed to the discretion of the court; and a reversal on such ground occurs only upon abuse of such discretion." *State v. Jewell*, 473 S.W.2d 734, 741[8] (Mo.1971). *State v. Farmer*, 536 S.W.2d 748, 751[7] (Mo.App.1976). This court finds no such abuse. Appellant's sixth attack upon the prosecutor's argument has no merit.

Appellant's second contention is that the trial court erred in not declaring a mistrial and in not granting a new trial on "grounds that the prosecutor repeatedly, through his questions, interjected immaterial matters which were highly prejudicial, inflammatory, and which were not supported by the evidence."

Appellant's brief, in setting forth the factual predicate for this assignment of error, gives only two citations to specific pages in the transcript. See Rule 84.04(h). Those pages are 311 and 396 (the transcript, which this court has read, is 531 pages long). Page 311 contains a portion of the prosecutor's cross examination of appellant's mother. Page 396 contains portions of the prosecutor's cross examination of appellant. On neither of the two pages did appellant's counsel make any objection to the cross examination now attacked.[5] Moreover, the topics of the cross examination were matters which had been devel-

5. See *State v. Taylor*, 486 S.W.2d 239 (Mo. 1972).

oped on direct examination of the two witnesses by appellant's counsel.[6] Appellant's second contention has no merit.

Appellant's third contention has two prongs. The first is that the trial court erred "in allowing the prosecutor to imply during cross examination that defense witnesses had gone through a mock trial."

During the course of the testimony of defense witnesses Fannie Gibson (appellant's mother) and Orville Gibson (appellant's son), it was developed that on the night before the trial these two witnesses, several other members of appellant's family, and appellant's three lawyers met together at a local motel. Fannie testified that at that session "each one of us read the transcript." The record does not disclose what transcript the witness was referring to but it seems a reasonable inference that it was the transcript of the testimony at the trial of appellant for assaulting his wife, or the transcript of a prior proceeding in the cases at bar.

Orville Gibson testified that in the motel session "we just went over what was previously said and stuff like that. . . . The lawyers read the testimony of various troopers and different ones." Orville added that this was done "to get me to think about what I remembered."

The conduct of the prosecutor, assailed by appellant, consisted of asking Mrs. Gibson whether, at the motel, she "went through a practice session of testifying," and whether she "did not have a mock court set up." The witness answered in the negative to both questions.

 There is no claim that the prosecutor acted in bad faith in making the inquiries concerning the practice session and the mock trial. The extent of cross examination on collateral matters for the purpose of impeaching a witness is largely within the trial court's discretion, *State v. Parton*, 487 S.W.2d 523, 526[7] (Mo.1972), and the record does not show an abuse of that discretion.

Moreover, a substantial array[7] of authorities supports the proposition that the prosecutor's inquiries were within the proper scope of cross examination.

---

6. "The defendant did not adhere to the general rules in developing his evidence in chief and, consequently, having brought the matter out on direct examination may not now complain of the cross-examination of his witness with reference to the same or related subjects." *State v. Carroll*, 188 S.W.2d 22, 24[5] (Mo.1945).

7. "During cross examination of some of defendant's witnesses, counsel for plaintiff questioned them concerning a meeting held at a hotel in Carrollton, the night before, which was attended by defendant and by certain of his witnesses, invited by him, and by two of his attorneys. Some of the witnesses stated that, at that meeting, they discussed with counsel what their testimony would be. During colloquy between opposing counsel the Court admonished counsel for plaintiff not to make remarks which might reflect on defense counsel. It is not, and could not successfully be contended, that plaintiff could not properly inquire concerning the meeting, its purpose, the subjects there discussed, and the interest of witnesses in defendant's cause." *Vitt v. Baer*, 335 S.W.2d 681, 682 (Mo.App.1960).

See also *State v. Carson*, 239 S.W.2d 532, 538[15] (Mo.App.1951); *Solar v. United States*, 94 A.2d 34 (D.C.1953); *State v. Hayward*, 62 Minn. 474, 65 N.W. 63 (1895); *People v. Becker*, 210 N.Y. 274, 104 N.E. 396 (1914); *Boulden v. State*, 102 Ala. 78, 15 So. 341 (1894); Anno. 35 A.L.R.2d 1045 (Cross examination of witness in criminal case as to whether, and with whom, he has discussed facts of case.)

In *Boulden*, p. 343, the following language appears: "It is common, and we think allowable, practice to inquire of witnesses, on cross-examination, if they have talked with others in reference to the facts of the case; not as a means of impeaching the character of the witness, but of testing the accuracy or reliability of his recollection. If a witness' memory has been refreshed before going on the stand by having the facts rehearsed to him by others, we think the jury ought to know it, that they may consider it for what it appears to be worth in determining how far the recollection of the witness is reliable. Hence, if the wife of the deceased, who was in the courthouse, rehearsed to the witness Banks, before he went upon the stand, the alleged dying declarations of her husband, the defendant should have been permitted to prove the facts on cross-examination of Banks, as he proposed to do."

The second prong of the third contention is that the trial court committed error in refusing to give an instruction, offered by appellant, purporting to deal with the right of appellant's counsel to interview witnesses. The second prong need not be considered for the reason that appellant's brief fails to comply with Rule 84.-04(e); *State v. Fleming*, 528 S.W.2d 513, 515[2] (Mo.App.1975). That rule provides, in part, "If a point relates to the . . . refusal . . . of an instruction such instruction shall be set forth in full in the argument portion of the brief." The argument portion of appellant's brief does not set forth the refused instruction.

Appellant's third contention has no merit.

There is no error in the matters of record reviewed pursuant to Rule 28.02 V.A.M.R.

The judgment in each case is affirmed.

All concur.