STATE of Missouri, Plaintiff-Respondent,

v.

Gary Gene WILLIAMS,
Defendant-Appellant.

No. 36168.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 18, 1977.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Application to Transfer Denied
March 14, 1977.

Springfield Baldwin, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, William F. Arnet, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was found guilty of possessing phenmetrazine, a Schedule II controlled substance, in violation of § 195.020 RSMo. 1969.[1] Having stipulated to at least one prior felony conviction, the defendant was sentenced to five years imprisonment; he appeals.

1. Section 195.020 RSMo. 1969 reads:

"It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this law, or to possess any apparatus, device or instrument for the unauthorized use of narcotic drugs."

The defendant, while driving an automobile with two passengers, was stopped by St. Louis Police Officers Kruz and Stewart for a traffic violation. Officer Kruz approached the driver's side of the car and spoke to defendant. Officer Stewart, looking in the auto from the front seat passenger side, noticed two hypodermic syringes in plain view on the floor of the car. Defendant and the two passengers were placed under arrest and searched. Officer Kruz, searching defendant's front trousers pocket, found a vial containing a few drops of a clear liquid and a brown glass bottle. Police laboratory tests disclosed that the clear vial contained phenmetrazine.

Defendant first contends that the information charging him with violating § 195.-020 was defective in that it failed to charge him with possession of a narcotic with *knowledge* of the presence and character of the controlled substance; that, therefore, the information did not allege all of the essential elements of the offense charged as required by Rule 24.01.[2]

■ The pertinent portion of the information under attack reads:

"That GARY GENE WILLIAMS, at the City·of St. Louis, State of Missouri, on the 18th day of April 1973, did unlawfully and feloniously have in his possession PHENMETRAZINE, a Schedule II Controlled substance; contrary to the form of the Statute in such case made and proviced (sic), and against the peace and dignity of the State."

Defendant argues that while he is charged with "unlawfully and feloniously" possessing phenmetrazine, the information should have provided that he *knowingly,* unlawfully and feloniously was in possession of the controlled substance. While this point is raised for the first time on appeal, we must review the sufficiency of the information under Rule 28.02. *State v. Meiers,* 412 S.W.2d 478 (Mo.1967).

■ We agree that the State must prove that the defendant "was aware of the *presence and character* of the particular substance, *and was intentionally and consciously in possession of it.*" (original emphasis) *State v. Polk,* 529 S.W.2d 490, 492 (Mo.App.1975). See also *State v. Burns,* 457 S.W.2d 721 (Mo.1970); *State v. Roberts,* 524 S.W.2d 174 (Mo.App.1975); *State v. Berry,* 488 S.W.2d 667 (Mo.App.1972). And, indeed, the jury was properly instructed that to find the defendant guilty, it was necessary to find that he did "willfully, unlawfully and feloniously" possess phenmetrazine. The issue, then, for this case is whether the information which charged the defendant with unlawful and felonious possession of the controlled substance is sufficient without the inclusion of the words "knowingly" or "wilfully." We hold that it is and find that there is ample precedent for our holding.[3]

In *State v. Davis,* 510 S.W.2d 790, 791 (Mo.App.1974), the information against defendant charged that he "did then and there *unlawfully* and *feloniously* have in his possession a quantity of marijuana . . . .'" (emphasis added). In upholding the sufficiency of the information, it was held "that all substantive elements of the felony offense were charged in the information." Id., at 792. In *State v. Worley,* 375 S.W.2d 44, 47 (Mo.1964), an information charging the defendant with "unlawful possession or control" of marijuana in violation of § 195.020 was held sufficient. The defendant in *State v. Virdure,* 371 S.W.2d 196 (Mo.1963), urged that an information charging him with "unlawfully and feloniously" having a controlled substance in his possession or under his control was duplicitous and did not sufficiently apprise him of the crime with which he was alleged to have committed. The court rejected defendant's contention and found the information sufficient. See also *State v. Meiers,* supra, approving and holding sufficient an

---

**2.** Rule 24.01 requires that: "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." See also *State v. Brooks,* 507 S.W.2d 375 (Mo.1974).

**3.** The issue of defendant's being conscious of the possession of phenmetrazine has not been raised and is not before us.

information similar to those in *State v. Virdure,* supra, and *State v. Worley,* supra. As an information charging the defendant with unlawfully and feloniously possessing a controlled substance was held to contain all substantive elements of the violation of § 195.020 in *State v. Davis,* supra, a like result must be reached in the case before us. We therefore find that the information in this case sufficiently charged the defendant with possession of phenmetrazine in violation of § 195.020.

*State v. Sledge,* 471 S.W.2d 256 (Mo. 1971), reinforces our decision. In that case, the information charged that the defendant "did wilfully, unlawfully and feloniously have in [his] possession and under [his] control [narcotic drugs]." *Id.,* at 259. On appeal the defendant asserted that the information was insufficient in that it failed to allege that the defendant "knowingly" had narcotics in his possession. In responding to this point, the court stated:

"Not only did the questioned information charge defendant 'wilfully' possessed the drugs—which connotes knowledge—but the exact point in issue was ruled in *State v. Napolis,* supra, wherein it was held, Mo., 436 S.W.2d 645 loc. cit. 647 [1]: 'Knowledge that the drug is a barbituate or stimulant is not specified as an element of the offense by the language of the statute. Consequently, it was not necessary for the information against defendant to allege knowledge or criminal intent if the State has the right to prohibit such possession, . . .' See also Supreme Court Rule 24.11, V.A.M.R." *Id.,* at 259.

We recognize that the word "wilfully" was included in the *Sledge* information, but it's manifest from the holding that even that word would not be essential for the sufficiency of the information.

We also observe that cases defining "feloniously" and "unlawfully" have found these words to connote intentional and wilful acts. In *State v. Weir,* 506 S.W.2d 437, 439 (Mo.1974), the court held that the use of "feloniously"—as surrogate for the statutory language: "with the intent to cause,"

§ 559.240 RSMo. 1969—was sufficient to inform the defendant that he was charged with "an intentional and wilful act of wrongdoing". And in *State v. Stavricos,* 506 S.W.2d 51 (Mo.App.1974), the phrase "unlawfully and feloniously" was said to import intentional acts. *Id.,* at 56. Thus, the use of "unlawfully and feloniously" in the information in the case before us put the defendant on notice that his possession of phenmetrazine was intentional and wilful. We also observe that the failure to include "knowingly" in the information did not place defendant or his counsel at any disadvantage, for the verdict directing instruction did contain all the necessary elements of the crime. Further, there was no complaint made by defendant or his counsel at any time before, during or after trial that either was not fully cognizant of the charge.

Also directly in point is *State v. Connor,* 318 Mo. 592, 300 S.W. 685 (1927). There, the appellant attacked the sufficiency of an information similar to the one being reviewed here which charged him with the unlawful transportation of moonshine. The Supreme Court held the information sufficient by stating, l. c. 686:

"The sufficiency of the information is further challenged because the word 'willfully' is omitted from the charging part of the same. It should first be noted that the information charges the act to have been done 'unlawfully and feloniously.' The use of these words import an exercise of the will or that the act was done 'willfully,' unless the statute defining the crime makes willfulness an element thereof."

The court then noted that the word "willfully" did not appear in the statute defining the crime. The aptness of *State v. Connor,* supra, to this case is remarkable and apparent.

The defendant raises additional points on appeal, none of which is preserved for appellate review. Nor do we find that a review of the alleged points of error is required by Rule 27.20(c), and defendant's reliance on plain error is unavailing. *State*

*v. Gibson,* 540 S.W.2d 952 (Mo.App.1976); *State v. Richards,* 536 S.W.2d 779 (Mo.App. 1976); *State v. Johnson,* 536 S.W.2d 851 (Mo.App.1976).

■ Defendant alleges that the chain of custody of the clear vial was broken and that the quantity of phenmetrazine was an immeasurable trace and insufficient to raise the inference of knowing possession. Neither contention was contained in defendant's motion for new trial; hence, neither is preserved. *State v. Flynn,* 541 S.W.2d 344 (Mo.App.1976); *State v. Belleville,* 530 S.W.2d 392 (Mo.App.1975).[4]

■ Defendant next argues that there was no admissible evidence to prove that phenmetrazine was a controlled II substance. This point was raised only in defendant's motion for judgment of acquittal at the close of the State's case. The defendant then presented evidence on his own behalf and therefore waived error with respect to the overruling of the motion. *State v. Green,* 476 S.W.2d 567 (Mo.1972); *State v. Lewis,* 526 S.W.2d 49 (Mo.App. 1975); *State v. Winters,* 525 S.W.2d 417 (Mo.App.1975).

■ The defendant also contends that prosecutorial comments on cross-examination of the defendant and in closing argument were unduly prejudicial. Defendant's motion for new trial makes no complaint with regard to the prosecutor's action and, consequently, this point has not been preserved for review. *State v. Jines,* 539 S.W.2d 801 (Mo.App.1976); *State v. Flynn,* supra; *State v. Belleville,* supra. The prosecutor's comment was that the defendant had more convictions "than you can count." While the prosecutor's observation was perhaps overzealous, there was some confusion on the defendant's part as to the total number of his prior convictions. But it was

clear that defendant's conviction record was fulsome and that he was a confirmed recidivist. We do not find the prosecutor's comment to be plain error.[5]

■ Finally, defendant asserts that he is unable to have a full and fair review of his appeal due to the destruction or loss of the State's exhibits. As we are not reviewing the merits of any of defendant's points of appeal to which such exhibits would be relevant, we need not discuss or decide this point.[6]

The judgment is affirmed.

KELLY, P. J., and SIMEONE, J., concur.

KELLY, Presiding Judge, concurring.

While I concur in the result reached here, I do so only because I feel constrained to do so by the case law of the appellate courts of this State which have set the precedent followed by the opinion herein. *State v. Connor,* 318 Mo. 592, 300 S.W. 685 (1927); *State v. Virdure,* 371 S.W.2d 196 (Mo.1963); *State v. Worley,* 375 S.W.2d 44 (Mo.1964); *State v. Sledge,* 471 S.W.2d 256 (Mo.1971); *State v. Stavricos,* 506 S.W.2d 51 (Mo.App. 1974); and *State v. Davis,* 510 S.W.2d 790 (Mo.App.1974).

Article I, Sec. 18(a) of the Constitution of Missouri, 1945, requires that "in criminal prosecutions the accused shall have the right . . . ; to demand the nature and cause of the accusation." Rule 24.01 provides that "the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." See also *State v. Brooks,* 507 S.W.2d 375 (Mo.1974); *State v. Todd,* 477 S.W.2d 725, 728 (Mo.App. 1972). From the earliest times in Missouri it has been held that a defendant's right to know "the nature and cause of the accusa-

---

**4.** The State, of course, is not required to account for hand to hand custody of the evidence or continually watch it to establish chain of custody. *State v. Lange,* 536 S.W.2d 52 (Mo.App.1976); *State v. Russ,* 537 S.W.2d 216 (Mo.App.1976).

**5.** To warrant relief for plain error, the action of the prosecutor must have resulted in manifest

injustice or a miscarriage of justice. *State v. Sanders,* 541 S.W.2d 782 (Mo.App.1976).

**6.** We note that defendant's court appointed appellate attorney has represented his client valiantly.

tion", means that ". . . it is necessary to allege in an information or indictment all the *elements of the crime intended to be charged,* . . . (and) if such elements are missing they cannot be supplied by intendment or implication." (Emphasis supplied.) *State v. Cantrell,* 403 S.W.2d 647 (Mo.1966); *State v. Brooks,* supra, 507 S.W.2d 1. c. 376; *State v. Osborn,* 526 S.W.2d 37 (Mo.App.1975). To test the sufficiency of an information or indictment we must determine whether it alleges all of the elements or ingredients of the offense charged, clearly apprising both the defendant and the court of the facts constituting the offense and whether a conviction or acquittal of the charge would bar any subsequent prosecution for the same offense. *State v. Bott,* 518 S.W.2d 726 (Mo.App. 1974). Where the statute defining the crime contains all of the elements of the offense, it is sufficient that the indictment or information allege the offense in the terms of the statute. *State v. Kesterson,* 403 S.W.2d 606, 609 (Mo.1966); *State v. Cunningham,* 380 S.W.2d 401, 403 (Mo. 1964). Where, however, the statute requires a certain state of mind, e. g. intent or knowledge, it is essential that the indictment or information allege that state of mind, intent or knowledge necessary to constitute the crime therein defined. *State v. Harris,* 313 S.W.2d 664, 670[7] (Mo.1958); *State v. Thomas,* 343 S.W.2d 56, 57 (Mo. 1961).[1] This principle—that where the statute makes a particular intention essential to charge an offense—applies to cases where the statute contains no state of mind requirement but the particular intention is required by common law judicial decisions. *State v. Harris,* supra, 1. c. 669.

These principles are, I believe, applicable to this case, because Section 195.020 makes the possession of a controlled substance a crime. Although the statute does not require a particular state of mind as an element of the offense, the courts of this State have held that in order to make a submissible case under the statute it is necessary that the State prove that the defendant "did knowingly and intentionally have in his possession the prescribed controlled substance. It is not sufficient that it prove only actual or constructive possession, but the test is whether the defendant was aware of the *presence* and *character* of the particular substance, and was *intentionally* and *consciously* in possession of it." *State v. Polk,* 529 S.W.2d 490, 492 (Mo.App.1975) (emphasis in original); see also *State v. Burns,* 457 S.W.2d 721 (Mo.1970); *State v. Roberts,* 524 S.W.2d 174 (Mo.App.1975); *State v. Berry,* 488 S.W.2d 667 (Mo.App. 1972); Annot., 91 A.L.R.2d 811, 821 (1963).

As our Supreme Court stated in *State v. Burns,* supra, 1. c. 724: "Possession without knowledge of such possession is not possession in the legal sense of that word".

By judicial decision knowledge of possession of a controlled substance is an essential ingredient of the offense; I, therefore, believe that under the authorities supra knowledge is an essential element of the offense which should be charged in the information or indictment alleging the offense; and since this information fails to include an allegation that Gary Gene Williams, the defendant here, possessed the proscribed controlled substance with knowledge of the presence and character thereof, I would, were I not bound by precedents, hold the information fatally deficient. It is my belief that to hold otherwise is to continue toleration of pleadings which neither comply with the constitutional mandate contained in Article I, Sec. 18(a) of the Constitution nor with the requirement of Rule 24.01.

---

1. *State v. Harris,* supra, (feloniously and fraudulently held not sufficient to charge an intent to defraud in a buying or receiving stolen goods case); *State v. Thomas,* supra, ("knowingly and willingly" transporting liquor not satisfied by charging "unlawfully and feloniously.")