STATE of Missouri, Respondent,

v.

Steven D. OSBORN, Appellant.

No. KCD 27462.

Missouri Court of Appeals, Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer Denied July 7, 1975.

Application to Transfer Denied Sept. 8, 1975.

---

**38** ■

William E. Erdrich, Asst. Public Defender, 5th Judicial Circuit, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The appellant was charged with uttering a forged check and, convicted as a second offender, was sentenced by the court to imprisonment for a term of six years.

We sustain the contention of the appellant that the information did not charge a lawful offense, and reverse and remand the conviction.

The information pretends to charge under the provisions of § 561.011, subd. 1, RSMo 1969, V.A.M.S., paragraphs (1) and (3):

It shall be unlawful:

(3) For any person with intent to defraud to use as true, or to utter as true . . any writing or other thing which said person knows has been made or altered in the manner described in either of subdivisions (1) or (2).

.  .  .  .  .

(1) For any person with the intent to defraud to make or alter any writing of any kind having legal efficacy or commonly relied upon in business or commercial transactions, so that it purports to have been made by another.

This information, shorn of the second-offender recital, charges:

That on or about the 18th day of July, 1972, at said county Steven D. Osborn, did willfully, knowingly and feloniously, with the intent to defraud Susan B. Caurter, d/b/a Richards Market, 801 North 6th Street, St. Joseph, Missouri, use and utter as true a certain writing purporting to have legal efficacy and commonly relied upon in business and commercial transactions and purporting to have been made by another, knowing the same to have been so made and altered [followed by a recitation of the instrument in terms].

■ Rule 24.01, V.A.M.R. requires that an information be a plain, concise and definite written statement of the essential facts constituting the offense charged. Nothing

of substance may be left to intendment or implication. *State v. Cantrell,* 403 S.W.2d 647, 651[12–14] (Mo.1966). It is a general rule that an information framed in the language of the statute is valid if the essential facts of the offense are charged with sufficient definiteness to enable the defendant to meet the charge and to bar further prosecution for the same offense. *State v. Tandy,* 401 S.W.2d 409, 412[2–4] (Mo.1966); *Hodges v. State,* 462 S.W.2d 786, 789[1] (Mo.1971).

In simplest terms, the information accuses the appellant of uttering as true a check which purports to have been made by another, and known by appellant as so made. This language merely describes the passing of a two-party check, a transaction devoid of any criminality, and does not charge an offense under § 561.011. The information attempts, but fails, to charge that the check was forged and that appellant knew it was forged, both constitutive elements of the crime under the statute. In context, the natural antecedent of the phrase "knowing the same to have been so made" is the recitation that the check was made by another; the accusation that appellant uttered the instrument knowing it to be forged is altogether wanting.

The trial court acquired no jurisdiction to proceed by an information which was fatally defective; and accordingly, the conviction of the appellant was a nullity. *State v. Brooks,* 507 S.W.2d 375, 376[1] (Mo.1974); *State v. Newhart,* 503 S.W.2d 62, 67[6] (Mo. App.1973).

The judgment is reversed and the cause remanded.

All concur.