STATE of Missouri, Respondent,

v.

Charles BLAND, Appellant.

No. KCD 29118.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer Denied May 1, 1978.

Application to Transfer Denied June 15, 1978.

Kevin R. Locke, Lee M. Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Charles Bland was convicted of possession with intent to utter a forged check. Sec-

tion 561.011, RSMo 1969. The jury assessed punishment at two years imprisonment.

On this appeal Bland challenges Instruction No. 6—the verdict director.

Since Bland does not challenge the sufficiency of the evidence, a brief statement will suffice. A quantity of printed checks were stolen from Jim Brennen Motors. The day following such theft, Bland and another man entered a drive-in facility of the Jackson County State Bank and attempted to cash a check made out to Charles Bland on the account of Jim Brennen Motors. The check was in the amount of $231.73 and bore the signature of Jim Brennen. The bank teller became suspicious because she had been made aware of the theft of the Brennen checks. When she checked the signature card she found the authorized signature was J. E. Brennen rather than Jim Brennen. She also discovered Brennen Motors did not use a check protector whereas the check presented bore a check protector imprint. While Bland was kept waiting the police were called and on their arrival he was placed under arrest.

The court gave Instruction No. 6 which is MAI–CR 10.14(a) with the permissible modification of MAI–CR 2.12 to provide for a finding that Bland acted in concert with others. Instruction No. 6, in its essential part as relevant to the discussion to follow, read:

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on April 2, 1976, in the County of Jackson State of Missouri, the defendant and another possessed with intent to offer as true a certain writing purporting to have legal efficacy, and

Second, that the document was of a kind commonly relied upon in business or commercial transactions, and

Third, that it had been so made that it purported to have been made by another, and

Fourth, that the defendant knew that it had been so made, and

Fifth, that the defendant acted either alone or knowingly and with common purpose together with another in the conduct referred to in the above paragraphs,

then you will find the defendant guilty of forgery."

Bland's single point alleges Instruction No. 6 was defective and an erroneous statement of the law. Bland makes two basic arguments under this point. The first alleges the Instruction is fatally deficient because it omits any finding of the presence of an intent to defraud. The second alleges the Instruction does not set forth the elements of a crime any more than did the information in *State v. Osborn*, 526 S.W.2d 37 (Mo.App.1975).

The arguments will be considered in reverse order. In *Osborn* the information was not couched in the language of the statute.

Comparing the language of Instruction No. 6, MAI–CR 10.14(a) with the language of the statute, it is apparent the instruction follows the language employed by the legislature. It is, of course, well settled "that a verdict directing instruction, which is not erroneous for some other reason, meets the minimum requirements when in words and effect it follows the language of the statute . . . ." *State v. Jones*, 365 S.W.2d 508, 515[9] (Mo.1963). The information held erroneous in *Osborn* simply stated the writing was commonly relied upon in business and commercial transactions, "and purporting to have been made by another." In this case the Instruction used the language "had been so made that it purported to have been made by another." The Instruction follows the language of the statute and on that score is sufficient.

Bland's other attack on this Instruction charges the fatal omission to require a finding that the writing was possessed with the intent to defraud. Section 561.011(1) requires the possession of the instrument to be with intent to defraud. Instruction No. 6 (MAI–CR 10.14(a) required the jury to find Bland and another possessed with intent to offer as true a certain writing purporting to have legal efficacy, that the document was commonly relied upon in busi-

ness and commercial transactions and such document had been so made that it purported to have been made by another and Bland knew it had been made in such a manner that it purported to have been made by another. The word "purport" is a word of common usage and understanding. Webster's Third New International Dictionary (1971) gives a meaning of "purport" as "convey, imply or profess outwardly (as meaning intention or true character): have the often specious appearance of being, intending, claiming (something implied or inferred)." The jury here was clearly informed of the necessity to find that Bland possessed a document which had the appearance of having ostensibly been made by Brennen when in fact it had not been and that Bland knew of the false appearance and intended to offer such false document as true. A finding of these facts would carry with it a finding of an intent to defraud. In *State v. Johnson*, 316 Mo. 86, 289 S.W. 847, 851[10] (1926) the court stated in response to an argument that an instruction omitted the element of intent:

> When "the act itself is criminal, and necessarily involves a knowledge of its illegality, no averment of knowledge or bad intent is necessary other than is involved in a statement of the facts of the offense." Kelley's Criminal Law, § 199.

The act of passing a document which is not what it appears to be with the knowledge of the false character of the document is prohibited by § 561.011. The element of intent is fully covered in the Instruction because a finding of intent necessarily results when the jury finds the facts it is required to find.

Furthermore, Instruction No. 7 told the jury that if Bland did not know the check was purported to have been made by another, then the jury should find him not guilty. This submitted in clear form the necessity for Bland to know of the false nature of the check. This, coupled with the required finding that he intended to pass it as true, submitted fully the requisite intent to defraud. *State v. Brunjes*, 187 S.W.2d 473, 475[9] (Mo.App.1945).

The judgment is affirmed.

All concur.