**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Welton Willis ANDERSON,
Defendant-Appellant.**

**No. 11231.**

Missouri Court of Appeals,
Southern District,
Division Four.

April 8, 1980.

Appellant's Motion for Rehearing and Transfer Denied April 28, 1980.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Springfield, for defendant-appellant.

MAUS, Judge.

The defendant was charged with uttering a forged check under former § 561.011, V.A.M.S. He was found guilty by a jury. Under the Second Offender Act he was sentenced by the court to five years' imprisonment. In view of the defendant's points on appeal, a brief summary of the evidence and reasonable inferences therefrom is sufficient for this review.

Sometime after January 20, 1978, a pad of printed checks for the account of Southwestern Bell disappeared from the desk of supervisory employee C. W. Forshee. On

**594**

January 25, 1978, a young black male presented one of those checks to a teller at a drive-in window of the drawee bank. As completed by typewriter, this check in the amount of $285.00 was dated 1–24–78 and was payable to, Robert D. Franklin. It bore the purported signature of C. W. Forshee. On the reverse was an endorsement by the purported signature of Robert D. Franklin. The check was accompanied by a fictitious Southwestern Bell temporary identification card for Robert W. Franklin. This card did not display a photograph, but bore a purported signature of Robert W. Franklin. The check was cashed. The check was in fact not signed by C. W. Forshee, who did not know anyone by the name Robert W. Franklin. The defendant denied it was he who cashed the check. However, the teller, without equivocation, identified the defendant. A qualified document examiner, after comparing an exemplar of the handwriting of the defendant, was positive the purported endorsement of Robert W. Franklin was in the handwriting of the defendant. The defendant does not challenge the sufficiency of the evidence to support the jury's verdict, but presents two procedural points.

He first alleges error in that the verdict directing instruction did not require an express finding that the defendant acted with the intent to defraud. He recognizes that the instruction was MAI–CR 10.14(a) and its use was mandated by the Supreme Court. He also acknowledges the decisions of *State v. Washington*, 570 S.W.2d 838 (Mo.App.1978) and *State v. Bland*, 565 S.W.2d 735 (Mo.App.1978) are contrary to his contention. To establish error he cites *State v. Newhart*, 503 S.W.2d 62 (Mo.App. 1973), in which the defendant was charged with stealing more than $50.00. The evidence in that case was that the defendant, who was entrusted with funds, diverted those funds although he later made the payment required. The verdict directing instruction in that case authorized a determination of guilt upon a finding the defendant used or transferred the funds. That case is clearly distinguishable. A finding of those acts did not necessarily carry with it a finding of the requisite criminal intent. This is not so with the instruction in question. As in *State v. Washington*, supra, the third and fourth paragraphs read: "Third, that it had been so made that it purported to have been made by another, and Fourth, that the defendant knew that it had been so made . . . ." In other words, the jury was required to find the defendant cashed a check he knew was forged. "A finding of these facts would carry with it a finding of an intent to defraud." *State v. Bland*, supra, 565 S.W.2d at 737. There was no error in the instruction.

The defendant's second point is that the trial court erred in failing to quash the jury panel because "there were no blacks on the jury panel as a result of the systematic exclusion of blacks from jury panels in Greene County." He first raised this point before the trial by an oral motion to the same effect. At no time was any proof tendered to support this assertion. Of course, the systematic exclusion of a "distinctive" group would be error. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). However, such condemned systematic exclusion is not established by the fact no member of a distinctive group is on a particular jury panel. *State v. Pittman*, 569 S.W.2d 277 (Mo.App. 1978). The burden of showing systematic exclusion was on the defendant. *State v. Carter*, 572 S.W.2d 430 (Mo. banc 1978). There was no evidence offered which would even tend to establish the systematic exclusion of any distinctive group in the jury selection process in Greene County. The point is denied. *State v. Mears*, 588 S.W.2d 519 (Mo.App.1979); *State v. Montjoy*, 587 S.W.2d 624 (Mo.App.1979); *State v. Preston*, 583 S.W.2d 577 (Mo.App.1979). The judgment is affirmed.

FLANIGAN, C. J., and BILLINGS, GREENE and PREWITT, JJ., concur.